OLIVER H. BADGER *vs.* BENJAMIN G. BOARDMAN.

A restriction, in a deed of one of several messuages from the owner of all, that the granted premises are conveyed "subject to the following restriction, that no outbuildings or shed shall ever be erected westerly of the main building of a greater height than those now standing thereon," does not so appear to have been inserted for the benefit of one of the adjoining messuages that it will be enforced in equity at the suit of a subsequent grantee thereof by deed containing no express mention of the restriction.

BILL IN EQUITY to enforce a restriction in a deed from Oliver Downing to the defendant of one of several parcels of land on the westerly side of Bowdoin Street in Boston.

From the bill and answer and evidence it appeared that Downing, being the owner of all these parcels of land, which were described on a plan thereof, dated the 12th of December 1843, and recorded in the registry of deeds on the 21st of March 1844, conveyed to the defendant in fee simple the parcel or lot numbered 3 on the plan, with the building thereon standing, by metes and bounds and "subject to the following restriction; that no outbuildings or shed shall ever be erected westerly of the main building of a greater height than those now standing thereon;" and that on the 25th of December 1844 Downing conveyed the parcel or lot numbered 4 on the plan to George Roberts, with all the rights, easements, privileges and appurtenances thereto belonging, which afterwards came by mesne con-

veyances to the plaintiff. The bill was dismissed, and the plaintiff appealed.

*J. A. Andrew,* for the plaintiff, cited *Whitney* v. *Union Railway,* 11 Gray, 363 *& seq.*; *Atkins* v. *Bordman,* 20 Pick. 291, and 2 Met. 457; *Barrow* v. *Richard,* 8 Paige, 351.

*J. A. Loring,* for the defendant.

BIGELOW, C. J. The infirmity of the plaintiff's case is that there is nothing from which the court can infer that the restriction in the deed from Downing to Boardman was inserted for the benefit of the estate now owned by the plaintiff. If it appeared that the parties to that conveyance intended to create or reserve a right in the nature of a servitude or easement in the estate granted, which should be attached to and be deemed an appurtenance of the whole of the remaining parcel belonging to the grantor, of which the plaintiff's land forms a part, then it is clear, on the principles declared in the recent decision of *Whitney* v. *Union Railway,* 11 Gray, 359, that the plaintiff would be entitled to insist on its enjoyment, and to enforce his rights by a remedy in equity. But there is an entire absence of any language in the deeds under which the parties claim, from which it can be fairly inferred that the restriction in the deed to the defendant against erecting his building above a certain height was intended to enure to the benefit of the estate now owned by the plaintiff. The restriction is in the most general terms, and no words are used which indicate the object of the grantor in inserting it in the deed. Nor is there any language in the deeds under which the plaintiff claims title, which refers specifically to 'this restriction, or from which any intent is shown to annex the benefit of this particular restriction to the plaintiff's estate. Generally, when such a right or privilege is reserved, the purpose intended to be accomplished by it is stated in the conveyance or can be gathered from a plan referred to therein, or from the situation of the property with reference to other land of the grantor. All parties then take with notice of the right reserved and the burden or easement imposed. But the conveyances in the present case contain no such clause, nor is there anything in the terms of the grant, or

in the circumstances surrounding the parties when it was made, to lead to an inference in favor of the claim set up by the plaintiff. For aught that appears, it might have been intended by the parties for the benefit of the grantor only so long as he remained the owner of any of the land of which that conveyed to the plaintiff originally formed a part. However this may be, it is certain that the defendant took his grant without any notice, either express or constructive, that this restriction was intended for the benefit of the plaintiff's estate. This is the material distinction between the case at bar and that of *Whitney Union Railway*, above cited. And it is vital to the rights of the parties, because, as the case stands, the plaintiff is not entitled to avail himself of the equitable principle, that the defendant has taken his estate with notice of a stipulation for the benefit of the estate now owned by the plaintiff, which in equity by accepting the grant the defendant would be bound to observe. We are therefore of opinion that the clause in the deed to the defendant, creating the restriction on the enjoyment of his estate, must be construed as a personal covenant merely with the original grantor, which the plaintiff cannot ask to have enforced in this suit. *Bill dismissed, with costs.*