ELIZABETH McELROY *et al.* v. CHARLES H. MORLEY *et al.*

DEEDS — *Condition Subsequent, Broken — Building Restrictions — Rights of Adjacent Owners.* Where a grantor conveys an estate upon a condition subsequent, and the condition is broken, the owner of adjacent property, deriving his title from the same grantor under a subsequent deed, cannot claim a reverter or forfeiture of the estate described in the former deed, when he is not a party to the prior deed, and the conveyance to himself does not refer to the condition subsequent contained in said deed; nor is such adjacent owner entitled to take any advantage of the breach of any condition contained in such prior deed to which he is in no way a party.

*Error from Bourbon District Court.*

ON June 1, 1886, *Elizabeth McElroy*, Lizzie McElroy, Emma Land, and Mary McElroy; also Henry McElroy, Hilda McElroy, Moses McElroy, William McElroy and Ethal McElroy, infants and minors, by their next friend Elizabeth

McElroy filed their petition against *Charles H. Morley* and the Crain & Nelson Hardware Company, alleging—

"That they are the owners in common of the north half of lot two, block sixty-nine, excepting a triangle of twenty feet off of the east end of said north half of said lot two, in the city of Fort Scott, county of Bourbon and state of Kansas; that a two-story brick block covers the entire tract or part of lot owned by plaintiffs, with a basement under the whole building; that said building is all occupied by tenants for stores and offices; that the lot and building is of great value, to wit, the value of ———; that Charles H. Morley, one of the above-named defendants, is the owner, under the conditions and restrictions as · hereinafter set forth, of the twenty-foot triangle off of the east end of said north half of lot two, block sixty-nine above described, and is also the owner of the south half of said lot two, block sixty-nine; that said triangle is, and always has been, left open and vacant, the west side of the triangle abutting and adjoining the east line or side of plaintiffs' ground above described; that on the 21st day of August, 1867, one Aaron Loewen, then and there being the owner of all of said lot 2, block 69, sold the following portion thereof, as set forth and described in a bond for a deed to Frank J. Robinson and William R. Robinson, which description is as follows: 'The south half of lot two, having a front on Main street of twenty-five feet, more or less; and second, all that portion of said lot No. two, forming a right-angled triangle, lying north of the east-and-west line above described, and east of the north-and-south line crossing said east-and-west line twenty feet west from Main street; provided, however, that said Frank J. Robinson and William R. Robinson, their heirs and assigns, shall not, and this sale is made upon the express condition that they will not, at any time hereafter, build or place, or allow anyone to build or place, any building on said portion of said lot last described, to wit, the triangle.'

"That said bond for a deed is recorded in book 'F' at page 112, record of deeds of Bourbon county; that afterward, to wit, on the 2d day of September, 1868, said Aaron Loewen made, executed and delivered to Frank J. Robinson and William R. Robinson a deed, which deed contains the following description of real estate and provisions, to wit: 'The south half of lot two, having a front on Main street of twenty-five feet, more or less, and secured all that portion of said lot No. two.

forming a right-angled triangle, lying north of the east-and-west line above described, and east of the north-and-south line crossing said east-and-west line twenty feet west from Main street; provided, however, that said Frank J. Robinson and William R. Robinson, their heirs and assigns, shall not, and this sale is made upon the express condition that they will not, at any time hereafter, build or place any building on said portion of said lot last described, to wit, the triangle;' which deed is recorded in book 'G,' page 424, record of deeds of Bourbon county, Kansas; that thereafterward, to wit, on the 7th day of October, 1868, said Aaron Loewen, then and there being the owner of the north half of said lot two, except the triangle above described, having thus protected the east front of the balance of said north half of said lot two with the provision in his deed to Frank J. and William R. Robinson, as above set forth, sold to Jane Ann Hull on the 7th day of October, 1868, and executed and delivered to her a deed to the north half of lot two, block sixty-nine, except the east twenty feet forming the triangle above referred to, which deed is duly recorded in book 'G,' page 509, record of deeds of Bourbon county, Kansas; that on the 21st day of May, 1879, Jane Ann Hull sold to Moses McElroy said north half of lot 2, block 69, except the twenty-feet triangle above mentioned; that said Jane Ann Hull, while owning said north half of lot 2, block 69, except the twenty feet, and said Moses McElroy, after purchasing the same, erected thereon said brick block at a very great expense; that one of the considerations of the purchase, and inducements to build upon the lot so purchased and owned respectively by Jane Ann Hull and Moses McElroy, was the injunction imposed upon said Frank J. and William R. Robinson in the deed given to them, their heirs and assigns, forever prohibiting the erection of any building upon said triangle; and said Jane Ann Hull and Moses McElroy fully relying upon the conditions and provisions made in said deed, so built and erected said block, as before said; that in pursuance of the provisions set forth in the deed given said Frank J. and William R. Robinson, their heirs and assigns, said Jane Ann Hull and Moses McElroy erected the brick block upon said north half of said lot two, with windows opening upon the triangle above referred to, for the purpose of lighting and airing the east end of said block; that on May 24th, 1875, the sheriff of Bourbon county, Kansas, sold upon execution or order of sale, all the right, title and interest of said Frank J. and William R. Robinson in and to the south

half of lot 2, block 69, and also the triangle above described, to Thomas A. Wicks, of whom said defendant Charles H. Morley purchased the same; that the Crain & Nelson Hardware Company are the occupying tenants of the premises so owned by Charles H. Morley as aforesaid; that Charles H. Morley and the Crain & Nelson Hardware Company, defendants above named, wholly disregarding the provisions and conditions prohibiting the erection of any building on said triangle set forth in the deed, as above set forth and described, have commenced, and are in truth and in fact building and erecting a structure upon the triangle above described, which will entirely cut off the light and air from the east end of the building belonging to the plaintiffs, as above set out, and to the great damage of plaintiffs, destroying the usefulness of the east end of said block in basement and first and second floors, contrary to law and the conditions imposed upon defendants by their deeds made by the prior owners of said triangle.

"Wherefore, plaintiffs, being the heirs-at-law of Moses McElroy, deceased, and the owners of said premises, to wit, the north half of lot two, except the triangle 20 feet off east end of north half of lot 2, block 69, pray that the defendants and each of them be temporarily, perpetually and forever enjoined and restrained from building, erecting or constructing, either by themselves or others, any structure or building upon the east 20 feet off north half of said lot 2, block 69, being the triangle referred to. Plaintiffs pray that the court now issue a temporary order of injunction to the above effect, and that upon the final hearing of the action said temporary order be made perpetual.

"Plaintiffs further pray for such other, further and different relief as may be equitable and just, and for costs of this action."

Upon said petition the district court granted a temporary injunction on July 2, 1886. Charles H. Morley filed the following answer, alleging—

"That he admits that said plaintiffs herein are the heirs-at-law of Moses McElroy, deceased, and as such heirs are the owners in fee simple of the said north half of lot No. two, in block sixty-nine, in the city of Fort Scott, excepting the triangular piece off the east end thereof, which is in said petition described. Defendant also admits that upon the portion owned by plaintiffs, their ancestor Moses McElroy and his

grantors had built a brick building, extending up to the west line of said triangle, which building is still thereon and has windows in the basement and first and second stories which front on said triangle.

"Defendant also admits that at the time of the commencement of this action he was about to proceed with the erection of an addition to his two-story brick building, which is situated upon the south half of said lot No. two, in block No. sixty-nine, which said addition he was about to build upon the said triangle on the east end of said lot No. two in plaintiffs' petition mentioned, which addition would have extended north from defendant's building, on the west line of said triangle, about 10 feet, and would have been one story high, and when built would have closed up one window in the basement and one window in the first story of that portion of plaintiffs' building which fronts on or adjoins said triangle. And defendant avers that he is the owner in fee simple absolute of said south half of said lot No. two, and of said triangular piece off the east end of said north half of said lot, free and clear of any claim or interest of said plaintiffs, or of any other person therein or thereto, and also avers that he has full right to build upon said triangle, or otherwise use it as he deems best. Except as herein admitted, he denies each and every allegation in plaintiffs' petition contained.

"Wherefore, defendant prays judgment dissolving the temporary order of injunction heretofore granted herein, and for such other and different relief as may be proper in the premises, with costs."

At the trial had October 4th, 1886, the case being submitted to the court, a jury being waived, the following agreed statement of facts was also filed:

"It is agreed that the following are the facts in this case, and upon which it shall be tried and decided: The plaintiffs are the owners in fee of the one hundred feet off the west end of the north half of lot 2, in block 69, in the city of Fort Scott, Kansas. The defendant is the owner in fee simple of the south half of said lot, and of a triangular piece 25 feet north and south by 20 feet east and west off of the east end of the south half, except as defendant's title may be varied by his deeds; the records of title from the register of deeds office of said county to be read in evidence to show the exact title of said parties. Plaintiffs have a two-story brick busi-

ness house built by Moses McElroy, deceased, on their said real estate, having two windows in basement of east end and two windows in first story of east end, all four of said windows opening on said triangle.    At the time this suit was begun said C. H. Morley was proceeding with the construction of a stone-and-brick addition to his two-story business house theretofore constructed on the south half of said lot, such addition to be located on the south side of said triangular part of said north half, which addition was to be one full story in height, to extend north ten feet, by fifteen east and west, and which, if constructed, would close up one of said windows in first story, and one in basement of plaintiffs' said building, and shut out the light and air therefrom; and said C. H. Morley still threatens to proceed with the construction of such addition.    Prior to this time the said C. H. Morley has had the exclusive use and control of said triangular piece of ground, and the only use made thereof by him and said Frank J. and W. R. Robinson, the former owners thereof, has been that the said Frank J. and W. R. Robinson built, maintained and used for several years a passage to a stairway thereon adjoining defendant's brick building on the north to reach their second story.    See 'Exhibit A.'  [Exhibit A omitted.]    They also built and maintained an open wooden awning over all of said triangular piece.    Barrels of salt and other merchandise have customarily been piled upon said triangular piece of ground by said defendants and the former owners.    Plaintiffs have no other right to the relief demanded in this case than is given, if given, in the deeds constituting the chain of title of the parties herein to the respective pieces of real estate mentioned in plaintiffs' petition.    The following is a map of all of said lot No. 2."  [Map omitted.]

The court, having heard the evidence and arguments of counsel, and duly considered the same, found in favor of the defendants, and vacated the temporary injunction heretofore granted.    The plaintiffs filed a motion for a new trial, upon the ground that the decision and judgment of the court were not sustained by the evidence, and were contrary to law.    This motion was overruled on October 5, 1886, and judgment entered in favor of the defendants, and against the plaintiffs, for all costs.    The plaintiffs duly excepted, and bring the case here.

*O. A. Cheney,* and *W. W. Martin,* for plaintiffs in error.

*J. D. McCleverty,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought by Elizabeth McElroy and others, to restrain Charles H. Morley and others, from erecting a building upon certain real estate in the city of Fort Scott. Judgment was rendered in favor of the defendants, and the plaintiffs bring the case here.

The facts are substantially as follows: Prior to August 21, 1867, Aaron Loewen, the grantor of both parties herein, was the owner in fee simple of lot 2, block 69, in the city of Fort Scott, Bourbon county. On that day he sold to Frank J. and William R. Robinson a portion of said lot, and gave to them a bond for a deed, which bond for a deed and the deed given in accordance with the bond, dated September 2, 1868, contained the following descriptions and restrictions:

"Two parts of lot No. 2, in block No. 69, in the city of Fort Scott, Bourbon county, state of Kansas, described as follows: The south half of said lot No. 2, having a front on Main street of 25 feet, more or less; and, second, all that portion of said lot No. 2, forming a right-angled triangle, lying north of the east-and-west line above described, and east of a north and south line, crossing said east-and-west line twenty feet west from Main street; provided, however, that the said Frank J. Robinson and Wm. R. Robinson, their heirs and assigns, shall not, and this sale is made upon the express condition that they will not, at any time hereafter, build or place, or allow any one to build or place, any building on this said portion of said lot last described, (to wit, the triangle.)

"It is further agreed by the said parties, their heirs and assigns, not to erect any on the main building on said lot No. 2, block 69, of any other [material] than of brick or stone."

Charles H. Morley is the present owner of that part of lot two described in the bond and deed above referred to. Afterward, on September 28, 1867, Aaron Loewen sold and gave to Jane A. Hull a bond for a deed, and on October 7, 1868, conveyed by warranty deed to her, in compliance with the

provisions of the bond, the balance or remainder of said lot two, block sixty-nine. The bond and deed to Jane A. Hull contained the following description:

"The fraction of north half of lot No. two, in block No. sixty-nine, commencing twenty feet west of Main street, and extending one hundred feet west from that point running east and west, and twenty-five feet north and south, more or less."

The plaintiffs are the heirs-at-law and legal representatives of Moses McElroy, deceased, the grantee of Jane A. Hull. Plaintiffs claim that the restriction under the deed from Aaron Loewen to Frank J. and William R. Robinson, intended to and did create a servitude upon the triangular piece or portion of the lot, and also an easement and benefit to that portion of lot two now owned by the plaintiffs; therefore that they are entitled to the relief demanded; that the district court erred in refusing to grant them a perpetual injunction, and in rendering a judgment against them for costs.

Aaron Loewen is not a party to this action, nor has he made any claim for the violation of the restrictions and covenants in the deed of September 2, 1868. The bond and deed executed to Jane A. Hull do not refer to or contain the restrictions or covenants recited in the deed to Frank J. and William R. Robinson. In our view of the case, it is immaterial whether the restrictions in the deed to the Robinsons were personal covenants, or conditions subsequent. Neither Aaron Loewen, the original grantor, nor his heirs nor legal representatives, are asking for any advantage of the breach of the restrictions or conditions in the deed to the Robinsons, and no one in this action represents them. The plaintiffs did not pay for or receive under the deed to Jane A. Hull of October 7, 1868, any interest, estate or title to the triangle referred to in the deed to the Robinsons, and although they may be inconvenienced by the erection of a building upon that piece of the lot, they are in no position to demand a reverter or forfeiture of any estate in the triangle, or to prevent the owners thereof from erecting a building thereon. Where a grantor conveys an estate upon condition subsequent, and the condition

is broken, the owner of adjacent property, deriving his title from the same grantor under a subsequent deed, cannot claim a reverter or forfeiture of the estate described in the former deed, when he was not a party to the prior deed, and the conveyance to himself does not refer to the condition subsequent contained in said deed; nor is such adjacent owner entitled to take any advantage of the breach of any condition contained in such prior deed to which he is in no way a party. (*Badger v. Boardman*, 82 Mass. 559; *Skinner v. Shepard*, 130 id. 180; *Hooper v. Cummings*, 45 Me. 359; *Piper v. Railway Co.*, 14 Kas. 568.)

In *O'Brien v. Wetherell*, 14 Kas. 616, referred to, the grantor in the deed brought the action to claim a forfeiture of the estate, from the grantees to himself; therefore that case is not in point.

The judgment of the district court will be affirmed.

All the Justices concurring.