Lake, Ch. J.
We think the facts stated in the petition were sufficient to authorize the injunction as prayed. The law as laid down in the case of the Omaha and Northwestern Railroad Company v. Menk, reported in this volume, is decisive of this case. We there held, substantially, that *442 where the damages awarded for right of way by commissioners appointed in pursuance of the statute, were neither paid nor deposited with the probate .judge for the use of the party entitled thereto, the company had no right to operate its road across the land of another against his will, and if it did so the owner of the land had a choice of remedies, viz: he could bring an action for the award, sue for damages occasioned by the trespass, or enjoin the operating of the road across his premises until the award should be paid.
In the case we are now considering, the proceedings to condemn the plaintiff’s land for right of way were at the instance, and in the interest, of the Burlington and Southwestern R. R. Co., but' no payment, or deposit, either of the amount found by the award or the judgment on the appeal, has ever been made by, or on behalf of, that company. It is clear, therefore, that the Burlington and Southwestern Company never acquired the right to enter upon the plaintiff’s land for the purpose of constructing its road against his will. The fact that the company appealed from the award of the commissioners, whose finding in consequence thereof became merged in the judgment of the district court, so far as relates to the remedy by injunction, cannot distinguish this case in principle from the one before referred to. The statute expressly provides that “ if said corporation shall, at any time before they enter upon said real estate for the purpose of constructing said road, pay to said probate judge, for the use of said owner, the sum so assessed and returned to him as aforesaid, they shall thereby be authorized to construct and maintain their railroad over and across said premises.” And in case an appeal is taken from the assessment of the commissioners, “such appeal shall not delay the prosecution of the work on said railroad, if such corporation shall first pay or deposit with said probate judge the amount so *443 assessed by said freeholders.” See. 92, C. XI., Gen. Statutes. Whatever may have been the interests or rights to which the Atchison and Nebraska Railroad Company succeeded, by virtue of the assignment mentioned, it is clear that they cannot be greater tban those possessed by the Burlington and Southwestern Company.
Judgment reversed.
Maxwell, J., concurred.