REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. LOUIS FINK, DEFENDANT IN ERROR.

1. **Railroad:** EXERCISE OF POWER OF EMINENT DOMAIN: DAMAGES. While the statute authorizes a railroad corporation to go upon the land of an individual, if need be, and locate its line of road over such land, and permits either the corporation or the land-owner to institute proceedings to condemn the right of way, yet, before the corporation can appropriate such right of way by entering upon the land and constructing its road across the same, the damages must have been appraised and the amount thereof paid to the land-owner or deposited with the county judge. *O. & N. W. R. R. v. Menk*, 4 Neb., 21. *Ray v. A. & N. R. R.*, 439. If the damages are not awarded and deposited the corporation is liable in trespass.

2. ———: ———: HOW FAR STATUTE EXCLUSIVE. The statutory mode of acquiring the right of way and ascertaining the damages therefor is exclusive as to the manner of assessing the value of the land taken with damages to the residue of the tract, but does not include damages to the possession caused by the wrongful entry upon the land before condemnation.

3. ———: ———: MEASURE OF DAMAGES. The measure of damages in such case does not, before the award of the commissioners, include the value of the land taken.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*L. W. Colby, T. M. Marquett,* and *J. W. Deweese,* for plaintiff in error, cited : *Stowell & Flagg,* 11 Mass., 363. *Calkin v. Baldwin,* 4 Wend., 667. 1 Redfield Railways, 334. *Mason v. R. R.,* 31 Me., 215. *Aldrich v. R. R.,* 1 Am. Ry. Cases, 206. Mills Eminent Domain, §§ 88, 89. *Hanlin v. R. R.,* 21 N. W. R., 623. *Sherman v. R. R.,* 40 Wis., 645. *R. R. v. Benitos,* 10 Am. & Eng. R. R. Cases, 122.

*Phil. E. Winter* and *Babcock & Davidson,* for defendant in error, cited : 2 Coke Inst., 200. *Aling v. Harris,* 5 Johns., 175. *Scidmore v. Smith,* 13 Id., 322. *Doe v. R. R.,* 1 Ga., 524. *Clark v. Brown,* 18 Wend., 220. *Keith v. Tilford,* 12 Neb., 271. Wade Notice, § 1127. *Horbeck v. Toledo,* 11 Ohio State, 219. *Lohmann v. R. R.,* 18 Minn., 174. *Graves v. Otis,* 2 Hill, 468, and note *A.* *Mohawk R. R. v. Archer,* 6 Paige, 84. *Oregon R. R. v. Oregon Nav. Co.,* 3 Oregon, 178. *Loop v. Chamberlain,* 20 Wis., 135. *Omaha R. R. v. Menk,* 4 Neb., 21.

MAXWELL, J.

This is an action brought by the defendant in error against the plaintiff to recover damages for injury to certain real estate of the defendant during the years 1880, 1881, and 1882. The cause of action is stated as follows: " That the defendant (plaintiff in error) during the years A. D. 1880, 1881, and 1882, did unlawfully and with force and arms, break, enter, occupy, and ever since has occupied a portion of the close of plaintiff heretofore described, and then and there dug, excavated, removed, and piled up the soil and earth of the plaintiff, and then and there built and laid their line of railroad which they have

ever since operated, thereby converting to their own use four and eleven-one-hundredths acres of land out of the south-east corner of the aforesaid described piece or parcel of land (the s. e. ¼ of Sec. 25, t. 2 n., r. 6 e.) whereby the plaintiff for and during all that time lost and was deprived of the use and benefit of said four and eleven-one-hundredths acres of land, all of which is to the damage of the plaintiff in the sum of one thousand dollars."

The defendant below (plaintiff in error), in its answer, alleges that, " 2d, in the years 1880, 1881, the defendant located and constructed its line of railroad over and across a portion of the said described real estate, by building and constructing a road-bed and track for its line of road; that defendant took possession of the strip of ground necessary for the right of way and location of said road peaceably and quietly, and without any objection or protest on the part of the plaintiff; and the defendant has ever since occupied the same for right of way for its road track in the usual course of its business as a public carrier.  *   *   *

3d.  " That it (the defendant below) built and constructed its line of road into and through a portion of Gage county in the year 1880 and 1881, and that prior to the location and construction of the same the said defendant purchased and condemned the right of way for its line of road ; that prior to its construction the defendant needed and desired a portion of the plaintiff's said land for right of way, and tried to agree with plaintiff upon the amount of damage to be paid for said right of way, but the plaintiff and defendant failing to agree upon the amount of damages to be paid, the defendant proceeded, as by statute provided, and *prior* to the construction of said track, to condemn the right of way over the said land," etc.

The reply is a general denial.

On the trial of the cause the jury returned a verdict in favor of the plaintiff below for the sum of $500, upon which judgment was rendered.

It is claimed by the attorneys for the plaintiff in error that as the statute gives the right to either party to institute proceedings to condemn real estate for a railway, that, therefore, the statutory remedy is exclusive, and an action of trespass will not lie. Sec. 97 of Ch. 16, Comp. Stat., entitled "Corporations," provides that "if the owner of any real estate over which said railroad corporation may desire to locate their road shall refuse to grant the right of way through his or her premises, the probate judge of the county in which such real estate may be situated, as provided in this subdivision, shall, upon the application of either party, direct the sheriff of the county to summon six disinterested freeholders of said county, to be selected by said probate judge, and not interested in a like question, unless a smaller number shall be agreed upon by the parties, whose duty it shall be to inspect said real estate and assess the damages which said owner will sustain by the appropriation of his land to the use of said railroad corporation," etc.

Sec. 100 provides that, "If upon the location of said railroad it shall be found to run through the lands of any non-resident owner, the said corporation may give four weeks' notice to such proprietor, if known, and if not known, by a description of said real estate by publication four consecutive weeks in some newspaper published in the county where such lands lie," etc., * * * "and upon *payment of the damages assessed* to the probate judge of the proper county for such owner, the corporation shall acquire all rights and privileges mentioned in this subdivision."

By Sec. 97 it is provided, "that either party may have the right to appeal from such assessment of damages to the district court of the county in which such lands are situated, within sixty days after such assessment. And in case of such appeal the decision and finding of the district court shall be transmitted by the clerk thereof, duly certified, to

the county clerk, to be filed and recorded as hereinbefore provided in his office. But such appeal shall not delay the prosecution of the work on said railroad, if such corporation shall first pay, or deposit with said probate judge the amount so awarded by said freeholders."

Sec. 21 of Art. 1 of the constitution provides that, "the property of no person shall be taken or damaged for public use without just compensation therefor."

Our statute, in effect, provides that a railroad company may, if need be, go upon land not belonging to it and locate its line over it, but, before it appropriates the land to its own use, it must pay to the land-owner or deposit with the county judge for his use the amount of the award made by the commissioners. The proceedings to condemn may be instituted by either the land-owner or the corporation, but the award must be made and the money paid or deposited before the corporation has any legal right to appropriate the property. *Menk v. O. & N. W. R. R.*, 4 Neb., 21. *Ray v. A. & N. R. R.*, 4 Neb., 439. If this is not done, an action for injury to the possession will lie, because the corporation has no legal right to occupy the premises. Payment for the property appropriated must precede, or at least be concurrent with, the appropriation of the property. The statute, while it authorizes the corporation to condemn such property as it may require for the construction of its road, protects the citizen as well, by requiring just compensation to be made therefor. The law does not require the citizen to institute proceedings to protect his rights, but merely permits him to do so. Constitutional guarantees of the rights of property would be of very little value if a corporation could seize the property of an individual and say to the owner, if you want compensation for this property institute proceedings to condemn it, and after we think the proper amount is awarded we will pay you. Where the assent of the owner is not obtained the corporation must pay the condemnation money before it acquires the right to construct

its road across the land of another. In other words, the property of a citizen cannot be appropriated for public use until the condemnation money is deposited with the county judge, for the use of the owner. This money presumably represents the damages which the land-owner has sustained by the location of the road across his premises. If the sum awarded is insufficient or in excess of the actual injury sustained, either party may appeal to the district court, where the question of damages will be tried *de novo*. But the appeal does not excuse the failure to deposit the amount of the award. *Ray v. A. & N. R. R.*, 4 Neb., 439. Thus, in the case cited, the Burlington & Southwestern R. R. Co. condemned the right of way across the plaintiff's land, but made no payment or deposit of the award. The company then appealed from the award of the commissioners to the district court, where judgment was rendered against it. It afterwards assigned all its rights to the A. & N. R. R. Co., which seemed to claim as an innocent purchaser, but this court held that the assignee took no greater interest than was possessed by the assignors, and that the money not being paid or deposited, the owner of the land had his choice of three remedies, viz. : "He could bring an action for the award, sue for damages occasioned by the trespass, or enjoin the operating of the road across his premises until the award should be paid." That opinion was rendered nearly ten years ago, and has never, so far as the writer is advised, been questioned, certainly not in this court, and it is the law of this state. The corporation must see to it, therefore, before it enters upon the land of another to construct its road, that it has so far complied with the statute as to possess the authority. If it has not, it is like any other trespasser liable in damages. This principle is recognized by the corporation in its answer, in which it alleges. "that the damages sustained by the plaintiff for the location and construction of said road over and across his said land were duly assessed and awarded by a commission duly

appointed by the county judge of said county, in all respects as provided by statute; and the amount of damages thus awarded was deposited with the county judge for the plaintiff by the defendant, and which remains on deposit for the plaintiff, if he has not withdrawn the same." As the proof fails to establish the truth of the answer in this regard, it need not further be considered. In an action for trespass, however, the corporation will only be liable for such damages as result from the wrongful appropriation. The value of the land must be ascertained in the mode pointed out in the statute. The court instructed the jury "that should you believe from the evidence that the plaintiff was the owner of the land described in his petition at the time of the several wrongs therein complained of, and should you further believe from the evidence that said land has been injured by reason of the building of defendant's line of road across the same, then the plaintiff is entitled to recover of the defendant the difference between what would have been the value of his land at the time of the injury complained of had the defendant not have constructed their line of road across the same, and what it was worth at that time with it constructed, in the manner as shown by the evidence."

This action is brought by the plaintiff below to recover damages sustained by him for injuries to *his* land. The corporation does not acquire an easement in the right of way by the verdict in this case; that can only be done by condemnation proceedings. The measure of damages, therefore, as stated in the above instructions, is incorrect, and must have been prejudicial. Until the land is condemned and the damages paid the corporation is a trespasser and is liable for the actual injury sustained, but that does not include the value of the land taken. The condemnation proceedings are shown to have been nugatory, by reason of the failure to serve the defendant in error, who was a non-resident of the state, with notice. They afford no justification, therefore, to the action.

There are other assignments of error to which it is unnecessary to refer. For the error in giving the instruction complained of, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.