JACOB ZIMMERMAN ET AL., APPELLANTS, V. COUNTY
OF KEARNEY ET AL., APPELLEES.

[FILED JANUARY 4, 1892.]

Roads: EMINENT DOMAIN: COMPENSATION.  Before a county can
appropriate lands to public use for a public road it must provide
for the payment of damages for the right of way either by the
appropriation of money from the proper fund for that purpose,
or the levy of sufficient taxes to pay the damages upon which
a warrant may be drawn.  In either case the compensation
must be sure, and the land-owner may enjoin the use of his
property by the public until such compensation is made.

APPEAL from the district court for Kearney county.
Heard below before GASLIN, J.

L. W. Hague, and Leese & Stewart, for appellants, cited,
contending that compensation should precede or accompany
appropriation: Brady v. Bronson, 45 Cal., 643; Sage v.
Brooklyn, 89 N. Y., 189; Chapman v. Gate, 54 Id., 146;
Mills, Eminent Dom. [2d Ed.], sec. 126; Keene v. Bris-
tol, 26 Pa. St., 46.

J. N. Wolff, contra, cited: Chapman v. Gates, 54 N.
Y., 132; Sage v. Brooklyn, 89 Id., 196; Smeaton v. Mar-
tin, 57 Wis., 364; Woodruff v. Glendale, 26 Minn., 78;
Com'rs v. Bowie, 34 Ala., 461; Cooley, Const. Lim., 560;
R. Co. v. Fink, 18 Neb., 86.

MAXWELL, J.

The appellants are the owners of certain real estate in
road districts numbers 13 and 20, in Kearney county.
That county now is, and for some years has been, under
township organization.  Some time prior to the commence-
ment of this action the board of supervisors of that county
ordered certain section lines in said road districts, along

which appellants' land lay, to be opened and worked as public roads. Appraisers were appointed and the damage of appellants assessed. The county board allowed but one per cent on the dollar of the amount of damages assessed by the appraisers.

From this order the appellants appealed to the district court. Upon the trial of these appeals the appellants' damage was found and determined to be certain specified sums, amounting in the aggregate to $960, the following being the finding and judgment of the court in each case: "The amount found due as damages is ordered to be entered of record, and the amount ascertained to be certified pursuant to the provisions of section 42, chapter 78, Statutes of Nebraska."

· These allowances were, pursuant to the above order, certified to the county board for further determination. The county board refused to pay the damages or make any provision for the payment of the same, except to certify the action of the district court to the road overseers of the proper road districts of Newark township.

This action was commenced for the purpose of restraining the county authorities from opening such roads and appropriating the land of appellants therefor until said damages were paid. A temporary injunction was granted as prayed for, issue was joined and trial had upon an agreed statement of facts. Among other things it was stipulated and agreed as follows, viz.: "That there is no money in the hands of the overseers of said road districts, nor in the road fund of the township treasury, nor in the road fund of the county treasury, due to said Newark township or the road overseers therein, and that no levies have ever been made to provide funds for the payment of said damages by either the township in which said roads are located, nor by the county of Kearney, the said county denying any and all liability for the payment for said roads out of county funds. The total assessed valuation of all property, real

and personal, in said Newark township is about $79,000. On the trial the court found for the defendants, dissolved the injunction, and dismissed the action.

Sec. 9, chapter 78, Compiled Statutes, provides that "after a general examination, if he shall not be in favor of establishing the proposed road, he will so report, and no further proceedings shall be had on that petition."

Section 100 provides: "When it shall be necessary to build, construct, or repair any bridge, or road, in any town, which would be an unreasonable burden to the same, the cost of which will be more than can be raised in one year, by ordinary road taxes, in such town, the town board shall present a petition to the county board of the county in which such town is situated, praying for an appropriation from the county treasury to aid in building, constructing, or repairing of such bridge or road, and such county board may (a majority of all the members elect voting for the same) make an appropriation of so much for that purpose as in their judgment the nature of the case requires and the funds of the county will justify; said appropriation to be expended under the supervision of an authorized agent or agents of the county, if the county board shall so order. In such case, where the county grants aid as aforesaid, the contract shall be let by the town board, under the provisions of sections 83, 84, and 85."

It is conceded that no attempt has been made to levy taxes to pay the damages in question, nor is it proposed to levy any for that purpose. If we understand the position of the defendant in error it is that the plaintiff must give up his land and take the chances of recovering payment therefor. This is not the law. The rule as stated in *R. V. R. Co. v. Fink*, 18 Neb., 82, is applicable in case of a municipal corporation, with this exception, that where the damages have been allowed and taxes levied to pay the same so that warrant may be drawn thereon, the levy constitutes a fund that is available to the land-owner and the

property may be appropriated therefor.   In other words, the proper authorities must be able to deliver to him a warrant drawn upon the proper levy before the public can appropriate his property to its use.   This is the means by which public corporations, like counties, townships, etc., effect payment.

There must be an absolute provision for payment, however, or the property cannot be appropriated.   Here there is no such provision, and the land-owner may enjoin the proceedings.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.