DUNCAN LIVINGSTON, APPELLANT, V. BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, APPELLEE.

FILED OCTOBER 16, 1894.   No. 5310.

**Eminent Domain:** PAYMENT OF DAMAGES. The just compensation required to be made for taking private property for public use, by section 21 of article 1 of the constitution, must, before such taking, be ascertained and payment made accordingly, whether the appropriation of such property is by a municipal or other corporation.

APPEAL from the district court of Johnson county. Heard below before BROADY, J.

*S. P. Davidson,* for appellant.

*J. Hall Hitchcock, contra,* cited: *Walsh v. Rogers,* 15 Neb., 311; *Hamlin v. Meadville,* 6 Neb., 227; *Reckner v. Warner,* 22 O. St., 275.

RYAN, C.

This action was commenced in the district court of Johnson county by the appellant to enjoin the appellee, the Board of County Commissioners of Johnson County, from opening a public road along the section line between sections 1 and 12, in township 6 north, range 11 east of the 6th P. M., in said county, until the damages caused by the opening of such road should be paid. In respect to the opening of this road the following order, made by the board, was of date July 22, 1890: "The board of county commissioners hereby order the following section line opened as a public road, and instruct the county clerk to advertise the same for objections and claims for damages, according to law, to-wit: Commencing at the southeast corner of section one (1), running thence

west one mile on the section line between sections one (1) and twelve (12), town six (6), range eleven (11). The same to be advertised for damages." No notice of any kind was published or served on the appellant previous to the entry of this order. A few days prior to its date an informal colloquy was had between the members of the board and the appellant at appellant's house, in which the chairman of the board proposed and plaintiff agreed to accept $300 as his damages. This was' the appellant's version of what transpired. One member of the board testified that he thought the appellant clearly understood that the board agreed to allow him $300 as his damages, and that in June, 1890, appellant asked him if a warrant for that amount had been drawn, to which the witness answered no, but did not tell him that nothing would be allowed. The testimony of the other two members of the board, while not as strongly showing grounds for the reliance of appellant upon the promise to pay him $300 for the property taken, yet was somewhat corroborative of the testimony already set out. The appellant claims to have relied upon this promise as he understood it, and for that reason deemed it unnecessary to present any claim for damages, and consequently filed no such claim. The notice published after the entry of the order of July 22, 1890, was as follows:

"ROAD NOTICE.

"To all whom it may concern: The following section line, being deemed for the good of the public, required for a public road, viz: Commencing at the southeast corner of section one (1), town six (6), range eleven (11), thence running west on the section line one mile and terminating at the southeast corner of section two (2), town six (6), range eleven (11); and all objections thereto or claims for damages must be filed in the office of the county clerk on or before noon of the 1st day of December, A. D. 1890, or such road will be established without reference thereto.

Said road to be opened under section 24, chapter 78, of the Compiled Statutes of Nebraska.    J. G. O'CONNELL,

*"County Clerk."*

For the purpose of this case it may be conceded that this notice was published and proof of that fact made as required by law.    The records of the board of county commissioners show no other proceedings with reference to the opening of this road than those above set out.    It is not questioned that the averments of the plaintiff's petition as to the intention to open the road was held by the county commissioners when this suit was begun, and, as charged in the petition, that but for this injunction the road would have been opened on the line designated.

It is argued by the appellee that the failure of the appellant to file his claim for damages within the time fixed by the notice for that purpose barred him of any right to insist upon compensation for the taking of his property as a condition precedent to opening the road in question. Probably our statute on this subject is open to this construction, and yet it seems to us that to sustain the contention of the appellee would be to ignore entirely the provisions of section 21, article 1, of our constitution, which is in the following language: "The property of no person shall be taken or damaged for public use without just compensation therefor."    It has uniformly been held, when railroad corporations have attempted to exercise the right of eminent domain, that the provision of the section of the constitution just quoted requires that they must institute proceedings, ascertain the probable damages, and make payment of them, as a condition precedent to entering upon the property to be appropriated.    The inference that the same rule should be applied to counties is justified by the opinion in the case of *Zimmerman v. County of Kearney*, 33 Neb., 620.    The syllabus of that case is as follows: "Before a county can appropriate lands to public use for a public road, it must provide for the payment of damages for

the right of way, either by the appropriation of money
from the proper fund for that purpose, or the levy of suffi-
cient taxes to pay the damages upon which a warrant may
be drawn. In either case the compensation must be sure
and the land-owner may enjoin the use of his property by
the public until such compensation is made." In the con-
sideration of the case just cited the following language was
used by MAXWELL, J., by whom the opinion of the court
was delivered: "If we understand the position of the de-
fendant in error, it is that the plaintiff must give up his
land and take the chances of recovering payment therefor.
This is not the law. The rule as stated in *Republican V.
R. Co. v. Fink,* 18 Neb., 82, is applicable in case of a mu-
nicipal corporation with this exception, that where the
damages have been allowed and taxes levied to pay the
same, so that warrant may be drawn thereon, the levy
constitutes a fund that is available to the land-owner and
the property may be appropriated therefor. In other words,
the proper authorities must be able to deliver to him a war-
rant drawn upon the proper levy before the public can ap-
propriate his property to its use. This is the means by
which public corporations, like counties, townships, etc., ef-
fect payment. There must be an absolute provision for
payment, however, or the property cannot be appropriated.
Here there is no such provision and the land-owner may
enjoin the proceedings." To give section 21 of article 1
of the constitution full effect it is necessary that a corpora-
tion which proposes to appropriate private property for
public use shall take such steps as may be necessary to de-
termine the amount of damages resulting from such appro-
priation and provide payment therefor. This duty should
be in no way dependent upon whether or not a claim for
damages has been filed by the person whose property is to
be taken. If the amount of damages assessed for the tak-
ing of the property is deemed by the property owner in-
adequate, he may make a showing of that inadequacy be-

fore the county commissioners, who are authorized by section 26, chapter 78, Compiled Statutes, to increase the amount allowed by the appraisers, and thereafter may exercise his right of appeal; but in the first instance he is not required to take affirmative action as a condition upon which depends his right of compensation for taking his property for public use. The decree of the district court which denied the appellant relief was wrong and its judgment is, therefore,

REVERSED.