JESSE G. HODGES, APPELLANT, V. BOARD OF SUPERVISORS
OF SEWARD COUNTY ET AL., APPELLEES.

FILED NOVEMBER 18, 1896.    No. 6776.

1. **Eminent Domain:** MUNICIPAL CORPORATIONS. In this state, private property cannot be taken or damaged for public use without compensation therefor, and this rule applies to municipalities and counties exercising the right of eminent domain.

2. ———: HIGHWAYS: INJUNCTION. An action will lie at the suit of a land owner to enjoin the opening of a public road across his premises, where the damages resulting from the appropriation have not been ascertained, and no provision has been made for the payment thereof.

3. ———: ———: ———: PARTIES. A county board is not a proper party defendant in an action to enjoin the opening of a highway.

APPEAL from the district court of Seward county. Heard below before BATES, J.

*J. D. Pope* and *F. I. Foss*, for appellant.

*J. J. Thomas* and *R. P. Anderson*, contra.

NORVAL, J.

Jesse G. Hodges instituted this action in the court below against the board of supervisors of Seward county and William Morford, the overseer of road district No. 30 of said county, to enjoin the defendants from opening a highway over and across plaintiff's lands. A temporary injunction was allowed by the county judge. A motion to dissolve the same was made and overruled, and a general demurrer to the petition on behalf of the county board was likewise overruled. Subsequently, answers were filed by the defendants, to which the plaintiff filed replies. Upon the trial the court found the issues in favor of the defendants, and a decree was entered dismissing the action. Plaintiff appeals.

Several grounds are relied upon for a reversal,—among

others, that the proceedings for the location of the road are defective and void; that the highway was established through plaintiff's orchard and fish pond, without his consent; that the damages sustained by the land owner caused by the opening of the highway in question have never been appraised nor paid, and that the county board is not a proper party defendant. The last two objections alone will be considered, as the others, in view of the record, are without merit.

The record shows that after the filing of the report of the commissioner appointed to view the proposed road and to examine into its expediency, the county clerk caused a notice to be published for five weeks in a newspaper published and of general circulation in Seward county, to the effect that said commissioner had reported in favor of the establishment of the road over the lands described, and that all objections thereto or claims for damages must be filed in the office of the county clerk on or before noon of the 24th day of September, 1892. No actual notice appears to have been served upon the plaintiff or the occupant of his land. No claim for damages was filed by plaintiff until a day or two subsequent to the time specified in the above notice, yet, after such claim was so filed, the county board made an order locating the road without appraising the damages sustained by plaintiff or making any provision for the payment of the same. He has received no compensation or remuneration whatever for the appropriation of his property. The question presented is whether, in view of the facts above set out, the road in question can be opened. Section 21, article 1, of the constitution declares that "the property of no person shall be taken or damaged for public use without just compensation therefor." It requires that where private property is taken or damaged for public use, just compensation must be ascertained and paid before the appropriation. That this rule applies to counties and municipalities exercising the right of eminent domain has been frequently asserted by this court, and is too

well settled to require discussion. (*Schaller v. City of Omaha*, 23 Neb., 325; *Harmon v. City of Omaha*, 17 Neb., 548; *Hammond v. City of Harvard*, 31 Neb., 635; *Wagner v. Gage County*, 3 Neb., 237; *Zimmerman v. Kearney County*, 33 Neb., 620; *Pawnee County v. Storm*, 34 Neb., 735; *Welton v. Dickson*, 38 Neb., 767; *Livingston v. Commissioners of Johnson County*, 42 Neb., 277.)

But it is argued that plaintiff is not entitled to damages, since he filed no claim therefor with the county clerk until after the date specified in the published notice mentioned above. The precise question was determined adversely to this contention, after this case was decided in the court below, in *Livingston v. Commissioners of Johnson County, supra.* RYAN, C., in delivering the opinion in that case, says: "It is argued by the appellee that the failure of the appellant to file his claim for damag: s within the time fixed by the notice for that purpose barred him of any right to insist upon compensation for the taking of his property as a condition precedent to opening the road in question. Probably our statute on this subject is open to this construction, and yet it seems to us that to sustain the contention of the appellee would be to ignore entirely the provisions of section 21, article 1, of our constitution, which is in the following language: 'The property of no person shall be taken or damaged for public use without just compensation therefor.' It has uniformly been held, when railroad corporations have attempted to exercise the right of eminent domain, that the provision of the section of the constitution just quoted requires that they must institute proceedings, ascertain the probable damages, and make payment of them, as a condition precedent to entering upon the property to be appropriated. The inference that the same rule should be applied to counties is justified by the opinion in the case of *Zimmerman v. Kearney County*, 33 Neb., 620." After quoting from the opinion and syllabus of that case, the opinion continues: "To give section 21 of article 1 of the constitution full effect, it is necessary that a corporation which pro-

poses to appropriate private property to public use shall take such steps as may be necessary to determine the amount of damages resulting from such appropriation, and provide payment therefor. This duty should be in no way dependent upon whether or not a claim for damages has been filed by the person whose property is to be taken. If the amount of damages assessed for the taking of the property is deemed by the property owner inadequate, he may make a showing of that inadequacy before the county commissioners, who are authorized by section 26, chapter 78, Compiled Statutes, to increase the amount allowed by the appraisers, and thereafter may exercise his right of appeal; but in the first instance he is not required to take affirmative action as a condition upon which depends his right to compensation for taking his property for public use."

It is argued that the foregoing conflicts with the rule stated in *Pawnee County v. Storm*, 37 Neb., 735. We do not think so. In that case it was merely decided that where the land owner has no actual notice of the proceedings to locate a highway, the only notice being by publication in a newspaper, he may recover compensation for the taking of his land within a reasonable time after he receives actual notice of the appropriation. In that case the road had been opened, while here it was not. It was the duty of the county board of Seward county to have ascertained the damages sustained by plaintiff by reason of the location and opening of the highway over his land, and to have made provision for the payment of the same, even though plaintiff did not file a claim for compensation as required by statute. The damages not having been ascertained, the plaintiff's land cannot be appropriated, and the defendant road overseer had no right to open the road. To hold otherwise would be to sanction the taking of private property for public use without compensation, in violation of the constitution. That injunction is the appropriate remedy, see *Zimmerman v. Kearney County*, 33 Neb., 620; *Welton v. Dickson*, 38 Neb., 767.

It is insisted that the motion to dissolve the temporary injunction should have been sustained. This ruling cannot be reviewed, inasmuch as the error, if any, in overruling the motion was cured by the vacation of the injunctional order upon the rendering of the final decree.

The action cannot be maintained as against the county board. It was not a proper party to the controversy, as it threatened to commit no act. After the county board had located and established the highway in question, it had no farther act or duty to perform in the premises, other than making provision for the payment of damages. The authority to open and work this road did not devolve upon it, but upon the road overseer of the proper district. (Compiled Statutes, ch. 78, sec. 31; *Everett v. Board of Supervisors*, 61 N. W. Rep. [Ia.], 1062.) Similar actions have been successfully prosecuted in this state against county boards, as the reported decisions of this court will disclose, but in none of the cases was the question here raised passed upon, but it was assumed that the county board was a proper party defendant in an action to determine the validity of the establishment of a highway. The decree is affirmed as to the defendant, the board of supervisors, and reversed as to the defendant Morford, with directions to the district court to enter a decree enjoining him from opening the road until plaintiff's damages have been ascertained and provision made for the payment thereof.

JUDGMENT ACCORDINGLY.