CATHERINE PROPST V. CASS COUNTY.

FILED JUNE 3, 1897. No. 7317.

1. **Eminent Domain:** DAMAGES. If private property is to be appropriated to public use, steps must be taken in the manner prescribed by law to appraise the damages and provide for their payment.

2. ————: ————: HUSBAND AND WIFE: TRUSTS. A husband who had from the use of intoxicants become wholly, or partially, incapacitated for the transaction of business, conveyed real estate to his wife for the purpose of preserving it for the use and benefit of the family and to place it beyond his power of disposal that it might not be squandered or wasted. *Held,* That the title to the property was in the wife, and that in appropriating a portion of it to the use of the public for a highway, the county must provide for the payment of the damages to the wife; that there was no trust relation between the husband and the wife which would render his waiver of the damages caused by such appropriation a release of them available as a defense in an action by the wife against the county to recover the damages.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Reversed.*

*A. N. Sullivan,* for plaintiff in error.

*H. D. Travis, contra.*

HARRISON, J.

On the 3d day of November, 1877, Martin Propst conveyed to Catherine Propst, his wife, the plaintiff herein,

certain land situate in Cass county, this state, the reason and purpose of the conveyance being, it is stated, to preserve the property for the use of the family, and to prevent it being squandered by Martin Propst, who had become so addicted to the use of intoxicants as to wholly or partially incapacitate him for the transaction of business. It appears that on the 25th of August, 1893, he was placed under guardianship on account of his incapable condition, produced by long continued excessive drinking of intoxicating liquors. The deed of conveyance was duly recorded, the date of its filing for record being December 27, 1877. During the early months of 1892, the proceedings terminating on May 18 of the last mentioned year, a public road or highway was located by the county board, a portion of it over and across the land to which we have referred, by which action some six acres of the land were appropriated to the public use. No damages were assessed or allowed in favor of plaintiff. A notice of the proceedings to locate the road was published in a newspaper of general circulation, but such notice was not seen or read by plaintiff, and did not come to her knowledge. It may be said that the evidence does not disclose that she had any actual notice of the location of the road until the actual appropriation of her land by the county, and it was agreed that she filed a claim for damages within a few weeks after she knew all the facts in regard to the proceedings to establish the road and its location. It was shown that Martin Propst, during the pendency of the proceedings, filed a claim for damages, which he subsequently withdrew and signified his waiver of any claim for damages; of such actions of Martin Propst the plaintiff had no knowledge at the time, nor until long afterward and near the date when she filed her claim. The claim which she made was disallowed by the county board, from which adjudication she appealed to the district court, where she was unsuccessful, and has presented the case to this court for review.

It is stated in the brief of counsel for the county:

"We concede that if the public received the benefit of the location of the road, it must bear the burden of compensation for the land taken, and if the plaintiff did not have actual notice of the appropriation of the land and actually consent to the appropriation of the land to a public use, that only the statute of limitations will bar a recovery for its reasonable value." It is agreed that notice of the location of the road, and to all persons to file claims for damages caused thereby, was duly published; also that plaintiff knew, when it was being done, of the opening of the road and its physical establishment; but, however these things may have been, it was the duty of the county, before appropriating plaintiff's property, to appraise the damages and make provision for payment. This was not done and she could, notwithstanding the time prescribed in the published notice had expired, file her claim for damages, and is entitled to recover just and fair compensation for the damages to her property. It is provided in section 21, article 1, of our constitution: "The property of no person shall be taken or damaged for public use without just compensation therefor." In regard to this provision it was said in the opinion in the case of *Livingston v. County Commissioners of Johnson County*, reported in 42 Neb., 277, the subject under discussion being the exercise of the right of eminent domain, or appropriation of the land of the individual to the public use in the location of a public highway by the commissioners, that "To give section 21 of article 1 of the constitution full effect it is necessary that a corporation which purposes to appropriate private property for public use shall take such steps as may be necessary to determine the amount of damages resulting from such appropriation, and provide payment therefor. This duty should be in no way dependent upon whether or not a claim for damages has been filed by the person whose property is to be taken. If the amount of damages assessed for the taking of the property is deemed by the property owner inadequate, he may make a showing of that inadequacy before

the county commissioners, who are authorized by section 26, chapter 78, Compiled Statutes, to increase the amount allowed by the appraisers, and thereafter may exercise his right of appeal; but in the first instance he is not required to take affirmative action as a condition upon which depends his right of compensation for taking his property for public use." In the decision in the case of *Hodges v. Board of Supervisors of Seward County*, 49 Neb., 666, in which the same subject was considered, it was stated in respect to the section of our constitution to which we have just alluded: "It requires that where private property is taken or damaged for public use just compensation must be ascertained and paid before the appropriation. That this rule applies to counties and municipalities exercising the right of eminent domain has been frequently asserted by this court, and it is too well settled to require discussion;" citing in support of the doctrine announced the following : *Schaller v. City of Omaha*, 23 Neb., 325; *Harmon v. City of Omaha*, 17 Neb., 548; *Hammond v. City of Harvard*, 31 Neb., 635; *Wagner v. Gage County*, 3 Neb., 237; *Zimmerman v. Kearney County*, 33 Neb., 620; *Pawnee County v. Storm*, 34 Neb., 735; *Welton v. Dickson*, 38 Neb., 767; *Livingston v. County Commissioners of Johnson County*, 42 Neb., 277.

It is further contended that the plaintiff had no other or further right or title in or to the land than that of trustee for Martin Propst, her grantor, and the waiver by him of any claim for damages was sufficient and operated an extinguishment of the claim. The deed to the plaintiff was a direct conveyance. There was no trust, either expressed or implied. It was made that she might have the title to the land, to hold and preserve it. The main purpose was to put it beyond the power of the husband, the grantor, to further convey, incumber, or deal with or about it. To allow the waiver of the claim for damages to be effective would be the destruction of the ends sought to be reached by the conveyance. The deed to plaintiff was of record. The county had full notice of

the title and in whom it rested. There was no right or title in Martin Propst which could render his waiver of claim for damages of any avail as a defense against this claim of the plaintiff.

The findings and judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.