JOHN G. ASHLEY V. BURT COUNTY ET AL.

FILED JANUARY 18, 1905.   No. 13,670.

1. **Highways:** DAMAGES: WAIVER, WITHDRAWAL OF.  A landowner who
   has united in a petition for the establishment of a public road,
   expressly waiving compensation for damages arising therefrom,
   may withdraw such waiver by filing a claim for compensation
   before the establishment of the road.

2. **Purchaser:** ESTOPPEL.  A purchaser of land, pending proceedings to
   appropriate the same for a public use, may prosecute a claim for
   damages for such appropriation in his own name, when such
   compensation has been wholly denied to his grantor.

ERROR to the district court for Burt county: GUY R. C.
READ, JUDGE. *Reversed.*

*Hopewell & Hopewell* and *J. A. Singhaus,* for plaintiff
in error.

*P. E. Taylor, contra.*

AMES, C.

W. R. Goodman was the owner of a tract of land in
Burt county, and united with other competent freeholders
in a petition to the county board praying for the location
and establishment of a public road across it, and ex-
pressly waiving, in writing, compensation for damages
resulting therefrom. These proceedings were had and the
statutory notice to persons whose lands were sought to be
appropriated was published on May 17, 1901.   On June
14 Goodman reconsidered his waiver, and filed a claim for
damages pursuant to the notice, and the appraisers as-
sessed the same at the sum of $80.   On November 5 the
plaintiff, with knowledge of all the foregoing facts, pur-
chased the land from Goodman and received a conveyance
thereof by deed of general warranty.   On November 12
the county board rejected Goodman's claim.   Subse-
quently the plaintiff filed a claim, which was also rejected

by the board, and afterwards, on appeal, by the district court, and the plaintiff prosecutes error.

The waiver was not such an instrument as was effectual as a conveyance of an easement or interest in land under the statute of frauds, and it would have become operative as such only by estoppel. But before the road had been established or an estoppel had attached, Goodman withdrew the waiver and claimed damages, so that no one was misled by reason thereof.

The land had not been taken or the road established when Ashley, the plaintiff, purchased, and he succeeded therefore to his grantor's right of compensation, and apparently the only serious matter of contention now before the court is whether he did not also succeed to Goodman's claim of damages, so that he was bound by the final disposition thereof. It was held by this court in *Chicago, B. & Q. R. Co. v. Englehart,* 57 Neb. 444, that a purchaser of lands upon which an easement had been acquired for a public use did not succeed to his grantor's right to damages therefor in the absence of a special grant or assignment thereof, such right being regarded as a personal claim not attached to or passing with the land. But in this instance the appropriation was not complete when the plaintiff acquired title, so that, as it seems to us, he took the land unincumbered by the easement for which he was entitled to compensation when the appropriation was in fact made. That under such circumstances he was entitled to prosecute an appeal from the order rejecting the claim of his grantor is not disputed. But in view of the constitutional guaranty that his land should not be taken or damaged for a public use without just compensation, and in view of the fact that all compensation was refused by the county board, we are of opinion that he was not bound so to do, and that he had a right to prosecute a new claim in his own name.

It is recommended therefore that the judgment of the district court be reversed and the cause remanded.

Letton and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded.

REVERSED.