Johnson v. Peterson.

ROBERT JOHNSON, APPELLEE, V. FRED PETERSON,
APPELLANT.

FILED SEPTEMBER 25, 1909.  NO. 15,751.

1. **Eminent Domain: HIGHWAYS.** Private property in Nebraska cannot
be taken or damaged for public use without just compensation
therefor, and this rule applies to public authorities exercising the
right of eminent domain in establishing and opening public high-
ways.

2. ———: ———: INJUNCTION. If a road overseer attempts to enter
upon the real estate of an individual to prepare a highway thereon
for the use of the public, and the owner's damages for the appro-
priation of said land for that purpose have not been theretofore
ascertained, and payment made or provided therefor, the land-
owner is entitled to an injunction restraining the overseer until
such damages have been ascertained and paid, or payment provided
for in accordance with law.

APPEAL from the district court for Valley county:
JAMES N. PAUL, JUDGE. *Affirmed.*

*H. E. Oleson* and *Claude A. Davis,* for appellant.

*O. A. Abbott* and *Clements Bros., contra.*

ROOT, J.

This is an appeal from a judgment of the district court
for Valley county restraining the defendant, who is a
road overseer in said county, from entering upon plain-
tiff's land or opening a public highway along and upon
the section line between the northeast quarter of section
26, and the northwest quarter of section 25, in township
17, range 14, until such a time as plaintiff's damages shall
have been ascertained in the manner provided by law for
the taking of private property for road purposes. Defend-
ant appeals.

1. Plaintiff asks that the appeal be dismissed because
of an alleged settlement of the matters in litigation. We
are satisfied that the judgment of the district court is

right, and shall not sustain the motion, but decide the case upon the merits, without determining the legal effect of the action of the county commissioners of said county in settling with plaintiff or their alleged reconsideration of that settlement.

2. A motion for a new trial was not filed in the district court, and we can only consider whether the findings and judgment are contrary to or supported by the evidence and the law. *Kemp v. Kemp*, 82 Neb. 794. In 1884 a petition was filed with the then county clerk of said county praying for the location of a public road, which, if established, would include the land in dispute and other lands. For the purposes of this case, we shall assume that the petition was sufficient, and that due notice was given of the time and place when and where the county commissioners would act thereon. The evidence of the proceedings of the county commisioners is meager, but it sufficiently appears that condemnation proceedings were not had to ascertain the damages that would accrue to the then owners of the land in controversy, which now is the property of plaintiff. The evidence establishes that, with the exception of a few yards in length north from the southwest corner of plaintiff's land, none of the real estate in dispute was ever occupied or used for road purposes, and the part thus traveled has been abandoned for many years. There is no evidence whatever that any of said land was worked by the public authorities, or dedicated by the owner thereof for road purposes. The public authorities in Nebraska cannot take possession of land and use it for a highway without assessing and paying damages to the owner therefor or providing for such payment. *Kime v. Cass County*, 71 Neb. 677, 680. The burden rests upon the authorities in such cases to not only initiate condemnation proceedings, but perform all necessary acts to ascertain the damages above referred to, unless the owner by some unequivocal act shall have waived his right to compensation. *Kime v. Cass County, supra; Hogsett v. Harlan County*, 4 Neb. (Unof.) 310; *Hodges v. Board of*

*Supervisors,* 49 Neb. 666; *Propst v. Cass County,* 51 Neb. 736; *Lewis v. City of Lincoln,* 55 Neb. 1. There is no evidence that any owner of said land ever waived the right to compensation for its appropriation to public use, and defendant, upon whom the burden rested, did not prove an easement in the public by condemnation or otherwise. Plaintiff, in 1884, did not own part of the land now in controversy, but that fact does not prevent him from demanding compensation for the land now claimed by the public authorities as a road, which they have not purchased nor provided funds to pay therefor. *Hogsett v. Harlan County, supra; Ashley v. Burt County,* 73 Neb. 159.

The argument that plaintiff is estopped from claiming damages because he appeared before the commissioners in 1884 and signed a stipulation with relation to a part of the proposed road about two miles distant from the land in controversy is not convincing, and will not avail to reverse the judgment of the district court.

The evidence amply sustains the findings of the district court, and the judgment is not contrary to, but in conformity with law, and is

AFFIRMED.

REESE, C. J., absent and not sitting.