JOHN WEINEL, APPELLANT, V. BOX BUTTE COUNTY,
APPELLEE.

FILED APRIL 11, 1922.   No. 22034.

Eminent Domain: HIGHWAYS.  "Private property in Nebraska cannot
   be taken or damaged for public use without just compensation
   therefor, and this rule applies to public authorities exercising the
   right of eminent domain in establishing and opening public high-
   ways." *Johnson v. Peterson,* 85 Neb. 83.

APPEAL from the district court for Box Butte county:
WILLIAM H. WESTOVER, JUDGE.   *Reversed.*

*Burton & Reddish,* for appellant.

*Lee Basye* and *William Mitchell, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and
FLANSBURG, JJ., DICKSON and STAUFFER, District Judges.

MORRISSEY, C. J.

This is an appeal from the district court for Box Butte
county.   The statutory proceedings for the opening of a
road were instituted in that county and the county clerk
caused to be published the notice provided for by section
2870, Rev. St. 1913.   The proposed road ran along the sec-
tion line between two quarter sections of land owned by
plaintiff.   The notice published, which was in the statutory
form, required that all objections to the opening of the
road or claims for damages because of its opening be filed
in the office of the county clerk, "on or before noon of the
7th day of January, 1920." At 1:15 p. m. January 7, 1920,
plaintiff filed a claim for damages with the county clerk.
The claim was rejected by the board of county commis-
sioners.   From the order of rejection an appeal was prose-
cuted to the district court, where the defendant county
filed an answer in which it admitted that it had taken for
road purposes the land described in plaintiff's claim, but
denied that plaintiff was thereby damaged in any sum
whatsoever, and, for a further defense, alleged that plain-

tiff's claim for damages was not filed within the time prescribed in the notice nor filed "as required by section 2871 of the Revised Statutes of the state of Nebraska for the year 1913, but was filed with the county clerk of said county at 15 minutes after 1 o'clock in the afternoon of January 7, 1920."

At the conclusion of plaintiff's evidence defendant moved the court to dismiss plaintiff's cause of action because plaintiff's claim "was filed after 1 o'clock on the 7th day of January, 1920, when the notice published and served upon him was that he should file his claim before 12 o'clock, noon, on that day." This motion was sutained by the court; and from a judgment dismissing his cause of action plaintiff appeals.

It will be noted that the answer admits that plaintiff's land has been appropriated. It does not appear that he has received any compensation, and the judgment of the court is based solely upon his failure to file his claim for damages within the time fixed by the published notice. The question is not new in this state. In *Propst v. Cass County*, 51 Neb. 736, this question was presented and the court said: "It is agreed that notice of the location of the road, and to all persons to file claims for damages caused thereby, was duly published; also that plaintiff knew, when it was being done, of the opening of the road and its physical establishment; but, however these things may have been, it was the duty of the county, before appropriating plaintiff's property, to appraise the damages and make provision for payment. This was not done, and she could, notwithstanding the time prescribed in the published notice had expired, file her claim for damages, and is entitled to recover just and fair compensation for the damages to her property."

This holding of the court was based upon the provision of section 21, art. I of our Constitution, which provides: "The property of no person shall be taken or damaged for public use without just compensation therefor." In *Livingston v. County Commissioners*, 42 Neb. 277, the court

said that, to give the quoted section of the Constitution "full effect, it is necessary that a corporation which proposes to appropriate private property for public use shall take such steps as may be necessary to determine the amount of damages resulting from such appropriation and provide payment therefor. This duty should be in no way dependent upon whether or not a claim for damages has been filed by the person whose property is to be taken."

The court had a similar question under consideration in *Hogsett v. Harlan County*, 4 Neb. (Unof.) 310, and, after pointing out that the county board had never passed upon the merits of a claim for the damages suffered by reason of the appropriation of plaintiff's land, it said that if the county had attempted to open the road the landowner "could have enjoined such proceeding until his damages were ascertained and paid; or he could have waived the irregularities and want of jurisdiction in the board to locate the road, and sued in trespass to recover the amount of his damages."

In *Kime v. Cass County*, 71 Neb. 677, it is said: "In this state, the county cannot take possession and use land as a highway without assessing and paying or providing for the payment of damages to the landowner."

These cases are followed and cited with approval in *Johnson v. Peterson*, 85 Neb. 83.

In the brief of appellee there is a suggestion that, years before the proceeding herein outlined, the road in question had been used by the public as a highway for a period of more than ten years, and, therefore, appellant is estopped to present his claim for damages at this time. This question was not presented in the court below; no evidence was taken thereon, and the judgment of the trial court is based solely upon the question heretofore set out. We cannot consider the defense suggested for the first time in the brief of appellee. That question, if defendant desires, may be presented on the next trial of this cause, but is not before us now.

In re Estate of Nelson.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.