VIOLA E. HEFLIN, APPELLEE, V. CITY OF LINCOLN, APPELLANT.

FILED JULY 14, 1936. No. 29554.

*Loren H. Laughlin* and *Harold B. Porterfield,* for appellant.

*John H. Comstock, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is an action to recover $5,000 for alleged negligence resulting in damages to plaintiff's lot and residence property at the southeast corner of Thirteenth and C streets in the city of Lincoln. East and west the lot has a frontage of 50 feet on C street and extends southward 142 feet on the east side of Thirteenth street. The principal improvement was a nine-room frame dwelling-house with two porches, all shaded on the west side and otherwise protected by large trees on both sides of a 5-foot brick sidewalk.

In the petition it is alleged in substance that defendant, in the pretended exercise of power to grade and pave streets, negligently lowered the street and sidewalk space adjacent to plaintiff's lot about three feet below the natural surface of the ground; removed the trees, one of which was on plaintiff's lot; weakened the foundation of the house; made ingress and egress inconvenient and unsafe; destroyed a drainage pipe from the house to the street; felled trees against the house; broke shingles on the roof; relocated the sidewalk six feet nearer the house and within two feet of it. The marring of aesthetic features of the premises and resulting loss in property values were emphasized in the petition.

The answer contained a general denial of unadmitted allegations of the petition and, among other defenses, the

plea that the municipal improvement of Thirteenth street, consisting of grading and paving, constituted a benefit to the property of plaintiff and that she suffered no damage whatsoever. The reply to the answer was a general denial.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $400. From a judgment therefor defendant appealed.

Referring to the assignments of error defendant reduced the questions for review to the following propositions:

"Can the city be held liable for damages to any abutting property owner when the city paves a street in strict accordance with an established grade ordinance of the city duly enacted many years prior to the acquisition of said property by said abutting owner? It is the city's contention there is no liability. In the argument all the assignments of error will therefore be treated together on the basis that the trial court did not properly follow the law on the subject and erroneously submitted the cause to the jury, and erroneously instructed the jury in substance that the defendant city was liable for any and all damages caused to the plaintiff by reason of the paving of Thirteenth street in 1923. The record is clear that plaintiff became the owner of the property some 27 years after the original grade had been established, and it is contended by the defendant city that the bringing of the property to this established grade, even though 39 years had elapsed, does not change the principle of law as to the city not being liable where it merely follows the established grade in effecting a new and beneficial improvement."

The Constitution provides that private property shall not be taken or damaged for public use without just compensation: Const. art. I, sec. 21. The words "or damaged," in that provision, "include all damages arising from the exercise of the right of eminent domain which cause a diminution in the value of private property." *City of Omaha v. Kramer*, 25 Neb. 489, 41 N. W. 295. In a later case the law was stated as follows:

"Private property in Nebraska cannot be taken or dam-

aged for public use without just compensation therefor, and this rule applies to public authorities exercising the right of eminent domain in establishing and opening public highways." *Johnson v. Peterson,* 85 Neb. 83, 122 N. W. 683.

See, also, *Weinel v. Box Butte County,* 108 Neb. 293, 187 N. W. 939; *Nine Mile Irrigation District v. State,* 118 Neb. 522, 225 N. W. 679; *Gledhill v. State,* 123 Neb. 726, 243 N. W. 909.

Immunity from negligence resulting in damage to private property is not included in municipal power to grade and pave streets. In view of the principles of law stated, did plaintiff make a case for the consideration of the jury? Is the verdict sustained by sufficient evidence?

It is a fair inference from the record that plaintiff's house was constructed where it now stands, with reference to the natural surface of the ground, before the original grade was established; that this grade applied to that part of Thirteenth street between the curb lines south of C street; that the trees were growing by plaintiff's lot before the first grade ordinance was passed. It is also fair to infer that, when the denuding axmen arrived, plaintiff was at the boundary of her possessions protesting. Her evidence tends to prove the following facts: Defendant took bricks from her sidewalk, which was in a fair condition, and threw them on her lot; felled trees against her house, tearing off a corner and breaking a window glass; entered her yard with plows; furrowed the lawn from street to house; plowed under the front steps and left them dangling; broke a down spout from the eaves; destroyed a tile conduit to the street and thereafter rain flooded the basement; so excavated as to leave a ditch beside her house where water collected and made a mudhole; left a narrow strip or bank of clay which plaintiff attempted to protect by a retaining wall of old boards to keep the earth from falling away from the foundation of the house, onto the new sidewalk; exposed the west side of the house to the sun and prevented plaintiff from renting rooms in summer on account of the heat.

Proof of the character outlined is evidence of negligence in the exercise of the power to grade and pave Thirteenth street. In addition there is evidence that it would cost at least $500 to replace a tree like the one destroyed on plaintiff's lot and that the value of her real estate was $1,500 less after the street improvement than previously. If destruction of the tree on plaintiff's lot was incidental to the grading and paving, it was property of plaintiff nevertheless and was taken by the city. Other property was damaged within the meaning of the Constitution. While testimony of a different import was adduced by defendant and while there was evidence to the effect that plaintiff was benefited by the street improvement to the extent of $1,000, the jury visited the premises after new horticulture and the invisible loom of nature had partially restored the former beauty of the place, and found plaintiff's damages to be $400. There is ample evidence to support the verdict.

In giving instructions and in refusing offered instructions, the trial court took the view of the law and the evidence herein expressed. Prejudicial error in the record has not been found.

AFFIRMED.