GILBERT U. PIPER v. UNION PACIFIC RAILWAY CO.

TITLE TO LANDS, *Upon Condition Subsequent; Breach of Condition; Action for Damages is Personal, and does not Pass to Grantee of the Land.* On December 24th 1863 Alice Broome was the owner of a certain quarter-section of land in Leavenworth county. A proceeding was then pending in the district court of said county, instituted by the Railway Company, for the purpose of obtaining a certain strip of said land one hundred feet wide for railroad purposes. On that same day said court, with the consent of both parties, rendered a judgment investing the railway company with the title in fee to said strip of land upon condition that the railway company should immediately pay therefor to said Alice Broome $400, and before May 1st 1864 make certain improvements thereon, and afterward keep said improvements in repair. Said sum of $400 was immediately paid, but the improvements have never been made. On March 26th 1864 Alice Broome sold and conveyed said quarter-section of land to David F. Laughlin. On July 25th 1864 Laughlin sold and conveyed the north-half thereof to Gilbert U. Piper, (the deed being recorded July 30th 1864,) and on October 27th 1865 Laughlin sold and conveyed the other half of the same to Piper, (the deed being recorded November 25th, 1865:) *Held,* in an action brought by Piper to recover damages from the railway company because said improvements have not been made, that Piper cannot maintain such an action; that the obligation imposed upon the railway company by said judgment in favor of Alice Broome is not such an obligation as will continue to run with the land—that Broome's grantee, merely as owner of the land, whether before or after the obligation was broken, acquires no right to recover damages for a breach of such obligation.

*Error from Leavenworth District Court.*

PIPER commenced his action against the *Railway Company*, seeking to recover damages for a breach of a judgment-obligation, and also to recover possession of the strip of land concerning which the judgment imposing such obligation was rendered. Said judgment was rendered by the district court of Leavenworth county, on the 24th of December 1863, in an action or proceeding wherein the now defendant, *The Union Pacific Railway Company, E. D.,* was plaintiff, and James A. Broadhead, Alice Broome, and others, were defendants — said proceedings being commenced and

prosecuted by the *Railway Company* under the provisions of §§ 8 and 9, ch. 86, Territorial Laws of 1855, pp. 916, 917, to have its right of way condemned through the lands of said defendants.   Said judgment is as follows:

LEAVENWORTH DISTRICT COURT—*November Term*, 1863. Present, Hon. WM. C. McDOWELL, Judge; ALEXANDER REPINE, Sheriff, and JOHN E. BLAINE, Clerk.  *Thursday, December* 24th, 1863.

*The Leavenworth, Pawnee & Western Railroad Company, otherwise known as The Union Pacific Railway Co., Eastern Division, plaintiff, vs. James A. Broadhead, Alice Broome, and others, defendants.*

And now on this day this cause came on for trial upon the objections of Alice Broome filed herein to the report of the persons heretofore appointed herein to view certain lands, and assess certain damages to the same.   And the court having heard the evidence, and being well advised in the premises, finds for the objector, Alice Broome, and at the request and with the consent of both said plaintiff and said objector Alice Broome the court doth order, adjudge, and decree, that the title in fee simple of the strip of land one hundred feet in width across and through the following-described tract of land situate, lying and being in the county of Leavenworth and state of Kansas, namely, the N.E.¼ of section 36, in township 9 of range 22, described as follows, namely, a strip of land 100 feet in width, with the center of the width of the same being on a line running along the center of the railroad track now graded through said quarter-section of land, be and the same is hereby vested in said plaintiff, in consideration, and on the condition, that the said plaintiff shall and does comply with and perform all the following judgments, orders and decrees.

And upon the further consent and request of both said plaintiff and said objector Alice Broome, it is further ordered, adjudged, and decreed, that the said plaintiff shall before running any train of cars, and on or before the first day of May, 1864, erect a good, suitable, and sufficient lawful fence on and all along each side of said strip of land, except at the crossings hereinafter specified; and that said plaintiff shall immediately erect and construct and put in good and sufficient condition for use two crossings, over and across said railroad track, and said strip of land, in such manner and condition as that the same can be conveniently used in, by, and for the

37—14 KAS.

purpose of crossing said strip of land, including the railroad track, forever, with loaded and other teams, wagons, stock, and people — that one of said crossings shall be at the point where the old military road crossed the place where said track now is, and the other of said crossings shall be at some reasonable point on that part of said strip of land which lies along where said company has cut a new channel for Nine-Mile creek to run in alongside of said track; and that said plaintiff shall also immediately construct and make a good and sufficient bridge, of at least twelve feet in width, over said creek where said new channel has been so cut, at the proper place for use in connection with the last-mentioned crossing; and that the said plaintiff shall immediately construct and place in their places a good and sufficient flood-gate at each place where said Nine-Mile creek shall or does cross either of the boundary lines of the strip of land first-above mentioned, and also at such other points and places as shall or may be necessary to protect the remainder of said quarter-section of land from stock of any kind which may get on said strip of land, or to keep all and any stock which may be on any other part of said quarter-section of land from passing onto said strip of land, in the channel or bed of any creek; and that the said plaintiff shall immediately construct good and sufficient gates at said crossways, and at all such points and places as shall or may be necessary to keep all kinds of stock from passing over either or any part of either of the said boundary lines of said strip of land at any place where such fence is not constructed; and that the said plaintiff shall forever hereafter keep said fence, crossways, flood-gates, bridge, and gates in such good order and condition so that they will at all times reasonably and safely answer and serve the purposes and use for which they are intended.

And upon the further consent and request of both said plaintiff and said objector Alice Broome, it is further ordered, and adjudged that the said plaintiff shall immediately pay to said objector Alice Broome the sum of $400, and that the said objector Alice Broome have and recover of and from said plaintiff said sum of $400, and her costs herein expended, and that execution issue therefor.

The petition of *Piper* set forth this judgment, and alleged that the *Railway Company* had taken possession of said strip of land, and had used it for its track and other railroad purposes, and was still so using it, claiming the right to hold,

use, and possess the same under said judgment, but had wholly failed to make any of the improvements mentioned in and required by said judgment; that plaintiff is the owner of said quarter-section of land, by purchase from one Laughlin, who purchased the same from said Alice Broome — and claiming to recover damages from defendant for a breach of the obligations imposed by said judgment, and to recover possession of the land on the ground of forfeiture.    The defendant demurred because of a misjoinder of causes of action. The court sustained said demurrer, and gave plaintiff leave to separate his action into two, and to file two petitions.    This was done.    And thereafter this action proceeded upon the petition for damages for failure to construct and maintain the improvements mentioned in said judgment.*    To the petition in this case the *Railway Company* answered, setting up three defenses — first, a general denial; second, the statute of limitations, that said cause of action did not accrue within three years next before the commencement of the action; and third, the pendency of the action of ejectment for the recovery of the land, as a plea in bar or abatement.    Reply, a general denial.    Trial at the February Term 1868.    Verdict and judgment in favor of the *Railway Company*, and *Piper* brings the case here for review.

*Clough & Wheat*, and *Green & Foster*, for plaintiff:

We suppose this case will be determined upon the effect of the judgment rendered on the 24th of December 1863.    The plaintiff is the owner of the lands described in the petition, except only and unless defendant *became* and *continued* the owner of the 100-feet strip by virtue of said judgment. Defendant had been, from the 4th of January 1866, using said strip of land and running its cars regularly thereon. The action was first commenced on the 25th of February 1867, hence the three years relied on by defendant had not elapsed.

[* THE other action—ejectment, for the recovery of the 100-feet strip—also came to this court, and is reported, *post*, page 574.]

The evidence shows, and the jury find, that defendant had not performed any of the conditions of said judgment of December 24th 1863, and that the reasonable costs of putting upon the premises the improvements required by said judgment, on the 1st day of May 1864, would have been $2,500. We submit that the making of those improvements was part and a *principal* part of the consideration for which defendant was to have the right of way over that strip, and that unless the agreement shown by that judgment is binding and obligatory against defendant, the whole judgment amounts to nothing, and therefore defendant had no right of way over the land, or right to said strip. That said agreement is obligatory on defendant (unless said judgment is void,) see 25 Ind., 458; 14 Iowa, 287; 17 Iowa, 561; 8 Minn., 341; 86 E. C. L. R.; 503; 43 Penn. St., 384. Of course, the making of those improvements should be considered and stand as and for part of the damages to the land by reason of the right of way taken. The making of those improvements, or paying the value thereof, (said $2,500,) and also paying said $400, stand in substance in place of such an assessment of damages as should have been made after sustaining the objections of Alice Broome, under § 9, page 917, Laws of 1855, (or §§ 52 to 66, pp. 376 to 382, Comp. Laws of 1862.) And as the making of such improvements would have been for the benefit of the land, and if made would have been appurtenant thereto, of course the right to have them made passed with the conveyances of the land to the plaintiff. *Spencer's Case*, 1 Smith's Leading Cases, 115.

*Hurd & Stillings*, for defendant. No brief on file.

The opinion of the court was delivered by

VALENTINE, J.: Upon no theory can this action for damages be maintained. If said judgment upon which the action is founded be considered as creating an estate upon condition in favor of the railway company, and not as creating an obligation in the nature of a covenant, then the action, in whose-

soever name it might be brought, should be for the recovery of the strip of land, and not for the recovery of damages. But if we consider such judgment as creating an obligation on the part of the railway company to make said improvements, in the nature of a covenant, then the action is certainly not commenced by the proper person. The judgment, so far as it imposes any obligation upon the railway company, is in its terms purely a personal judgment in favor of Alice Broome, and in favor of her alone. It does not purport to be in favor of her *assigns*, and the judgment has never been in fact assigned. And the mere sale and conveyance of the land mentioned in the judgment cannot work an assignment of the judgment. If we consider the obligation imposed upon the railway company by the judgment merely in the nature of a covenant, and not in the nature of a condition upon the breach of which the title of the railway company to said strip of land may be forfeited, then such obligation will have no connection whatever with the title to the land, or with the possession thereof, or with any estate therein; nor will anything to be done under such obligation have anything to do with either the title, or the possession, or the estate, or indeed with anything in existence at the time said judgment was rendered, connected in any way with such estate, title or possession. The obligation was simply to create *new* improvements on the company's own land, and then to keep these *new* improvements in repair. It has never been understood that such an obligation would run with the land. (See *Spencer's Case*, 1 Smith's Leading Cases, 115, et seq.) But even if this obligation, when first created by the judgment, was such an obligation as would run with the land, still the obligation was violated, and therefore converted into a mere personal chose in action, not assignable by a mere conveyance of the land, long before Piper obtained any interest in the land. Piper obtained his first interest in said land on July 25th, 1864, (the deed was recorded July 30th,) but all said improvements were to have been made before the first day of May of that year. And Piper

did not purchase the south-half of said quarter-section till October 27th, 1865, (the deed was recorded November 25th.) Under this state of the facts Piper could not maintain any action for a breach of the said obligation. (*Spencer's Case,* supra; Rawle on Covenants, 4 ed., 318 to 322, and cases there cited.) A covenant when broken becomes a personal chose in action, and never afterwards runs with the land. There is no claim that this judgment-obligation, which is in its terms personal, has any greater power to run with the land than a covenant which is usually made in express terms to the *assigns* of the covenantee as well as to the covenantee himself.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.