CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. J. N. SHEPHERD.

FILED MARCH 6, 1894.    No. 5194.

1. **Vendor and Vendee**: EASEMENT: RIGHT OF GRANTEE TO DAMAGES. A grantee of land which is incumbered by a right of way or other easement takes it burdened with such incumbrance, and will not, as a rule, be entitled to recover damage therefor.

2. **Trespass**: PLEADING. In order to maintain an action for trespass to land it must appear either that the plaintiff was the owner of the premises or in possession thereof at the time of the commission of the acts charged.

3. **Pleading**: MOTION FOR SPECIFIC STATEMENT. The office of a motion for a more specific statement is not to cure fatal defects in pleadings, but to secure definite statements in pleadings which are sufficient in substance but not in form.

4. **The failure to allege a material fact** raises a presumption that it does not exist.

ERROR from the district court of Pawnee county.    Tried
below before APPELGET, J.

*M. A. Low* and *W. F. Evans,* for plaintiff in error.

*D. D. Davis* and *Daniel F. Osgood, contra.*

POST, J.

This was an action in the district court of Pawnee county
against the Chicago, Kansas & Nebraska Railway Com-
pany to recover for damage to lots 10, 11, and 12 in block
8, in Hazel's addition to Pawnee City.   Afterwards an
amended petition was filed against said defendant and the
plaintiff in error, the Chicago, Rock Island & Pacific Rail-
way Company.

Plaintiff, in his amended petition, states that during the
year 1886 the Chicago, Kansas & Nebraska Railway Com-
pany built and constructed a railroad in Pawnee City, and
in the building, operation, and construction of said railroad
a large portion of Third street is occupied and used; that
blocks 10, 11, and 12, in said city, are owned by the said
company, and that said railroad is constructed upon the
same; that said railway company has built, constructed,
and operated its railroad and stock yards upon, over, and
across said block 11; that Walnut street in said city ex-
tends north and south along the east side of blocks 8 and
11, and in the building and construction of its railroad
said company threw up° and built a large embankment,
entirely obstructing said street at a point about 200 feet
south of the southeast corner of lot 12 in said block.   It is
further alleged "that the plaintiff is the owner in fee-simple
of lots Nos. 10, 11, and 12 in said block 8, his dwelling
house being situated on the south end of lot 12 in said
block, which he occupies for his residence," and that ever
since the construction of said railroad and stock yards
said yards have been used almost continuously day and

night, and have been occupied by large numbers of cattle
and hogs, and have been permitted to become noisome,
unclean, and unhealthy, and have given out a strong and
unhealthy stench, contaminating the air and rendering his
said residence almost uninhabitable by reason thereof, and
that "by reason of the bellowing of the cattle and the
noise of the hogs inclosed in said yards during the night
the rest of this plaintiff and his family is disturbed, as is
the peace and comfort of his home by the same noises during
the day, as well as by the shouts and noise of the loading
and unloading of said stock into defendant's cars," and
that "by reason of the smoke and soot from the defendant's
engines, the noise of the bell and whistle, and of the pass-
ing of defendant's cars on said railroad at all hours of the
day and night said premises have been made unfit for
residence purposes; also, by reason of the closing of said
Walnut street, as aforesaid, traffic has been entirely cut off
from said street and diverted therefrom.   By reason of
which the plaintiff has suffered pecuniary loss, and his said
property has been diminished in value, and he has been
otherwise injured, to his great damage, in the sum of $500."
It is further alleged that the Chicago, Rock Island & Pa-
cific Railway Company claims to have purchased and be-
come the owner of said railroad and claims to be operating
the same.

The Chicago, Kansas & Nebraska Railway Company
was not notified of said action, and did not enter its ap-
pearance therein.

The answer of the Chicago, Rock Island & Pacific Rail-
way Company, in addition to a general denial, contains an
allegation that the railroad referred to in the amended pe-
tition was constructed by the Chicago, Kansas & Nebraska
Railroad Company, a corporation of the state of Nebraska,
and that afterwards said railroad company sold and con-
veyed the same to the Chicago, Kansas & Nebraska Rail-
way Company, a corporation of Kansas and Nebraska, and

that during all of the times mentioned in plaintiff's amended petition the railroad and stock yards were in possession of, and were being operated by, the St. Joseph & Iowa Railroad Company, under a lease executed by the Chicago, Kansas & Nebraska Railway Company. It also alleges the adoption of an ordinance by the city, which is set out at length, and which authorizes the use of the streets described in the petition by the Chicago, Kansas & Nebraska Railroad Company, its successors and assigns.

On the trial of the action in the district court, a verdict was returned for the plaintiff below, upon which judgment was rendered. The plaintiff in error, after moving unsuccessfully for a new trial, has removed the case into this court by petition in error.

The plaintiff below was permitted, over the objection of the defendant therein, to prove that the lots in controversy were worth $1,000 immediately prior to the construction of the said road, and that immediately after the completion of the tracks and the stock yards they did not exceed $500 in value. The ground of the objection to this evidence is that the right of action, where land is taken or permanently injured in the construction of railroads, or by other agencies of the state, is personal and does not run with the land.

From an inspection of the petition it will be observed that it is not alleged therein that the plaintiff owned the lots described when the road was constructed in 1886. The only allegation is that "he is [at the date of the filing the petition, in March, 1890] the owner of said lots and occupies them as a residence." A grantee of land which is subject to a right of way or other easement takes it burdened with such incumbrance, and is not, as a rule, entitled to recover damage therefor. ( *Wadhams v. Lackawanna & B. R. Co.*, 42 Pa. St., 303 ; *Beale v. Pennsylvania R. Co.*, 86 Pa. St., 509 ; *Davis v. Titusville & O. C. R. Co.*, 6 Atl. Rep. [Pa.], 736 ; *Chicago & A. R. Co. v. Maher*, 91 Ill., 312 ;

*Chicago & E. I. R. Co. v. Loeb*, 118 Ill., 203; *Piper v. Union P. R. Co.*, 14 Kan., 568; *Dunlap v. Toledo, A. A. & G. T. R. Co.*, 50 Mich., 470; *Milwaukee N. R. Co. v. Strange*, 63 Wis., 178; *Indiana, B. & W. R. Co. v. Allen,* 100 Ind., 409.)

It is conceded that had the Chicago, Kansas & Nebraska Railroad Company been a trespasser in the first instance, and continued to occupy the streets without authority from the city, a different question might have been presented; but the use of the street by the railroad company for its tracks was fully authorized by the ordinance, hence the right of action for injury to the property described accrued to the owner when the road was constructed, in the year 1886. A recognized rule of pleading is that the complaint in an action for trespass must allege that the plaintiff was the owner or in possession when the trespass was committed. (*Winkler v. Meister*, 40 Ill., 349; *Edwards v. Noyes*, 65 N. Y., 125; 2 Boone, Pleading, p. 442.) Counsel who appear for the defendant in error in this court frankly admit that the petition would have been held insufficient had it been assailed by a motion for a more specific statement. Where a pleading is sufficient in substance but wanting in form, the remedy is by motion (*Farrar v. Triplett*, 7 Neb., 237); but where the petition lacks an essential allegation, without which it fails to state a cause of action, objection on that ground may be raised by demurrer, or by motion for new trial. Another rule is that where the pleader has failed to state a material fact, the presumption is that it does not exist. (*Burlington & M. R. R. Co. v. York County*, 7 Neb., 487; *McClure v. Warner*, 16 Neb., 447.)

Our conclusion is that under the allegations of the petition the plaintiff was not entitled to recover damages for the appropriation of the street by the defendant company for its tracks, and that the submission of that question to the jury, over the objection of the defendant, was error. There are other errors assigned, but the record of the case

is of so confusing a character as to leave us in doubt as to what questions were submitted. We are therefore unable to say whether the rulings complained of, if erroneous, are prejudicial to the plaintiff in error. For reasons above stated the judgment will be reversed and the cause remanded for further proceedings in the district court.

REVERSED AND REMANDED.