CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V.
MOSES ROBERTS.

FILED OCTOBER 20, 1904. No. 13,658.

Evidence examined, and *held* not sufficient to sustain the judgment of the trial court.

ERROR to the district court for Johnson county: GEORGE W. STUBBS, JUDGE. *Reversed and dismissed.*

*J. W. Deweese, F. E. Bishop* and *S. P. Davidson,* for plaintiff in error.

*L. C. Chapman* and *George A. Adams, contra.*

OLDHAM, C.

This cause of action is before the court for a second review on error. The first time it reached this tribunal every issue involved in the controversy was ably and carefully reviewed in an unofficial opinion by POUND, C., which may be found in 3 Neb. (Unof.) 425. At this hearing the cause was reversed and remanded because the evidence was not sufficient to support the judgment. On a new trial, directed by this court, substantially the same evi-

dence as that reviewed by the learned commissioner at the first hearing in this court was submitted, and plaintiff again had judgment, from which defendant prosecutes a second review to this court by petition in error.

When the cause was reversed and remanded, plaintiff filed an amended petition, in which it sought to charge negligence on defendant's part in the following allegation:

"That at said time, and as the plaintiff was attempting to cross at said public crossing from the south to the north, and after he had stopped and looked and listened, and saw no approaching object, or heard none, and after so looking and listening, and after he had started across said track to the north, and just as he was approaching said crossing from behind said line of box cars standing on said switch, as above mentioned, the defendant, by its employees, carelessly and recklessly ran at a high and rapid speed a hand car down and along said main track of said defendant's railroad from the west toward the east, carelessly, negligently and recklessly running the same down from behind the said line of box cars to, upon and immediately in front and under the heads of the horses of the plaintiff, which he was then driving, and by so doing, and by such reckless, careless and negligent running and operating of said hand car, scared and frightened said horses by its negligently coming upon and immediately in front of them and under their heads suddenly, and from behind said line of box cars, so that said horses at once became frightened."

The only additional evidence introduced at the last trial was that of witness Smith, who testified, in substance, that he was 75 or 100 yards north of the railroad, and saw the hand car after it had passed the depot, and that he thought the car was going a little faster than was usual in the yards. On cross-examination he said: "I could not tell you how fast it was going, because I had no time to see how fast it was running. I said I thought they were running a little faster than the usual gait." Witness Kelly

also testified in addition to what he said at the former hearing, in answer to the question, "At this time it was going along in just a usual manner, was it not? A. I guess it was the usual rate; I do not know what the usual rate of speed is; it was running not extremely fast nor extremely slow." The plaintiff also extended his testimony from what it had been at the former hearing by saying, in substance, that the hand car seemed to be running at a rapid rate when it brushed in front of his team. This was practically all the additional evidence introduced at the last hearing. As will be noticed by an examination of the amended petition, plaintiff relied for a recovery on the negligence of defendant in running its hand car at an unusual and dangerous rate of speed at the public crossing where the injury took place; and in conformity with this theory the court instructed the jury, at plaintiff's request, that:

"You are further instructed that it is the duty of every reasonable man to exercise caution to the extent necessary to guard against the particular or obvious danger with which he is confronted, and that in all circumstances he is required by the law to use such care and caution as an ordinary, reasonable and prudent person would exercise under such circumstances."

All the evidence introduced by defendant tended to show that the hand car was run in a reasonable and careful manner, at a rate not to exceed 5 or 6 miles an hour, up to and at the place of the accident, and as there was no testimony introduced by plaintiff tending to show an unreasonable or dangerous rate of speed, we are compelled to say for the second time that the judgment of the lower court is unsupported by any competent testimony. When the cause was here for review at the first instance, the writer of the present opinion said:

"I concur generally in every proposition discussed by my learned associate in this opinion, but as all evidence possible for the plaintiff to procure tending to show actionable negligence on the part of the railroad appears to have

State v. Chicago, B. & Q. R. Co.

been produced at the trial in the court below I see no good reason for remanding this cause. I think the petition should be dismissed and further litigation over the matter should be stopped." A second review strengthens this conviction.

We therefore recommend that the judgment of the district court be reversed and that plaintiff's cause of action be dismissed.

AMES, C., concurs. LETTON, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and plaintiff's cause of action dismissed.

REVERSED AND DISMISSED.