WATSON HAY COMPANY, A CORPORATION, APPELLEE, V. BOARD OF EDUCATIONAL LANDS AND FUNDS OF THE STATE OF NEBRASKA, ET AL., APPELLANTS.

48 N. W. 2d 711

Filed July 10, 1951.    No. 32990.

*Clarence S. Beck,* Attorney General, and *Robert A. Nelson,* for appellants.

*Matthews, Kelly, Fitzgerald, Matthews & Delehant,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This was an action instituted in the district court for Lancaster County, Nebraska, by Watson Hay Company, a corporation, as plaintiff in error, against the Board of Educational Lands and Funds and the individual members of the board, as defendants in error. In this court the Board of Educational Lands and Funds and the members of the board are appellants and the Watson Hay Company is appellee. For the purposes of this opinion the Board of Educational Lands and Funds will be referred to as the board and the Watson Hay Company as the appellee. By reason of the questions to be considered, further reference to the members of the board will not be required.

In order that the matters under consideration herein may be understood and the issues determined it is necessary to set forth the historical background of the controversy and the various steps which have been taken to bring the action here for review and determination.

Henry J. Abrahams obtained a lease from the Board of Educational Lands and Funds of the State of Nebraska of the northwest quarter and the west half of the northeast quarter of Section 36, Township 28, Range 11, Holt County, Nebraska, consisting of 240 acres. The land is the property of the public schools of the State of Nebraska of which the state is trustee. The lease covered a period of 25 years beginning December 31, 1924, and ending December 31, 1949. Henry J. Abrahams died and Charlotte Eugene Abrahams became executrix of his estate of which this lease was a part.

On July 12, 1949, Charlotte Eugene Abrahams, as executrix, made application for a renewal of the lease, the renewal to become effective at the end of the old

term. The renewal was denied on the ground of ineligibility to have a lease of these lands. The ground of ineligibility is of no importance here. Thereafter on September 28, 1949, she executed an assignment of the lease to the appellee. On the same day the appellee executed an acceptance of the assignment. Also on the same day the executrix executed and forwarded to the board application for the approval of the assignment. The consideration for the assignment was $100, one-half of which was tendered to the board. Also apparently on the same day the appellee and the executrix sent to the board a request in writing that the lease be renewed in the name of the appellee as assignee. Apparently no formal action was taken upon this by the board at that time. At least no record of such action appears herein.

On October 10, 1949, approval of the assignment was denied. Approval was denied on the ground that the consideration was insufficient. On October 21, 1949, the executrix was notified of the disapproval of the assignment and she was also notified that a lease of the lands would be submitted to competitive bidding therefor in November 1949.

Lease of the land was offered for sale and subjected to competitive bidding on December 16, 1949. On that day the appellee made a bid of 6 percent of the appraisal value and $3,510 as a bonus for the lease. Neither the offer nor the bid contemplated anything for the lease expiring on December 31, 1949, which was the lease assigned by the executrix to the appellee. The bid was accepted and lease was issued by the board to this bidder for a period of 12 years beginning January 1, 1950.

The offer contemplated that any bonus paid for the lease should be paid one-half to the board and one-half to the holder of the old lease. This division was, according to the record, caused to be made by the board.

The appellee substantially contended by its petition in error that it was entitled under law to the assign-

ment and that the board improperly and unlawfully refused approval thereof; that it was entitled thereto under the terms and conditions agreed to between it and the assignor; that as assignee it was entitled to a renewal thereof, that the board illegally offered the lease for sale, and that the sale was unlawful; and that the exaction and acceptance of the bonus of $3,510 were unlawful.

To the petition in error responsive pleadings were filed and issues were joined. Thereafter motion for judgment on the pleadings was overruled. However on stipulation of the parties the court on consideration of the pleadings rendered its determination and entered its decree.

By the decree the board was ordered to approve and enter of record the assignment of the lease in question upon payment of $50 to the board that being one-half of the consideration for the assignment and being the amount which had been tendered to and rejected by the board. No other relief was granted by the decree except that the costs were taxed to the board.

It is pertinent to point out here that the court did not adjudicate invalidity of the sale of the lease or of the lease which was issued to appellee for the period beginning January 1, 1950, or any of the proceedings in relation thereto. It did not adjudicate favorably to it any right or claimed right of the company under the joint request that the old lease be renewed in its name. It adjudicated unfavorably to the board the matter of the bonus which was paid pursuant to the bid for the lease.

All of the subjects not directly adjudicated upon were contained in the pleadings and were by the pleadings made issuable matters by the joinder of issues. By the stipulation on which the case was submitted they were subjects for consideration and determination by the court. None of these subjects was by the decree entered reserved for later decision.

Therefore all such matters were disposed of by the decision actually rendered. More particularly the relief requested by the plaintiff in error and not granted by the terms of the decree must be regarded in law as having been denied. Likewise the relief requested by the defendants in error and not granted by the terms of the decree must be regarded as having been denied.

From no part of the subjects thus presumptively decided have the defendants in error appealed, and from none of them has the plaintiff in error appealed or cross-appealed. They must be regarded as not being before this court for consideration.

With regard to the effect of a judgment or decree as to matters which were submitted as issues but not directly adjudicated, in Wheeler v. Brady, 126 Neb. 297, 253 N. W. 338, this court approved the following from 34 C. J., Judgments, § 1154, p. 743: "Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein * * *." This was again quoted with approval in Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649.

The principle here involved is not different from the one involving the right to maintain later action for determination of questions submitted as issues but which questions were not decided by the judgment or decree entered. In those cases this court has uniformly held that the judgment or decree in any such instance is res judicata of such questions. Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108; In re Estate of Vetter, 142 Neb. 167, 5 N. W. 2d 215; Dawson County Irrigation Co. v. Stuart, 142 Neb. 428, 6 N. W. 2d 602; Glissmann v. Bauermeister, supra; Pettijohn v. County of Furnas, 150 Neb. 736, 35 N. W. 2d 828. Numerous other citations of authority to the same effect are collected in the cases cited.

In Dawson County Irrigation Co. v. Stuart, *supra,* in the second opinion, in considering this principle, it was said: "No appeal has been taken by either plaintiff or defendants from this part of the decree. *To that extent it becomes the law of the case* and is res adjudicata as to the same issues raised by the answer." (Emphasis ours.)

In the first opinion, which in this respect was not overruled, it was said: "Whether or not this portion of the decree was supported by sufficient evidence may not be considered here. From it, as has been pointed out, no appeal was taken, hence, it, to that extent, becomes the law of the case * * *."

It follows therefore that the only question for consideration is, the appellee having tendered and being willing to pay one-half of the consideration for the assignment, that of whether or not the court erred in adjudicating that the assignment and transfer of the lease No. 62391 was valid and binding upon the board.

In the opinion in Todd v. Board of Educational Lands and Funds, *ante* p. 606, 48 N. W. 2d 706, this question was fully and completely considered, discussed, and decided. The opinion contains the citations and review of the authorities which sustain the decision therein. In that view it appears only necessary to say that on the basis of that opinion and the authority therein set forth the decision here on the question presented for determination will be and is the same as in that case, namely that the assignment of school land lease No. 62391 was valid and the appellee was entitled to have it accepted and recorded in the office and records of the Board of Educational Lands and Funds.

In order that there may be no confusion under the authority of Todd v. Board of Educational Lands and Funds, *supra,* the exaction of the decree herein that the appellee pay $50, being one-half of the bonus paid for the assignment as a condition of its right to have the

assignment accepted and recorded, is an invalid exaction but from this there has been no appeal.

The decree of the district court is affirmed.

AFFIRMED.