GEORGE FRANZ ET AL., APPELLANTS, v. GLEN D. NELSON ET AL., APPELLEES.

158 N. W. 2d 606

Filed April 26, 1968. No. 36882.

John A. Bottorf and David J. Maser, for appellants.

John E. Sullivan and John J. Sullivan, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiffs and appellants are the owners of the south half of the southwest quarter of Section 10, Township 8 North, Range 6 West of the 6th P.M., in Clay County, Nebraska. Defendants and appellees are adjoining landowners.

In 1912, former owners of plaintiffs' property conveyed to Eldorado Township in said county a strip of ground to be used as a drainage ditch described as

follows: "* * * a strip of land commencing 425 feet East of the middle of the public highway/ betwee (sic) section Nine (9) and Ten (10) Eldorado Township and 900 feet North of the Quarter line of the South west Quarter of section Number Ten (10), Eldorado Township, and running thence due South 2200 feet/ through the South West Quarter of sec. 10 Eldorado Twp. same to be a strip in width 10 feet during the whole of said course." Immediately upon receipt of the deed, the township board made provision for the opening of a ditch through plaintiffs' 80-acre tract and it is not disputed that the ditch runs on the line described. The ditch serves to drain surface waters from the property of defendants and other adjoining landowners. The undisputed evidence indicates that this ditch has been maintained from 1919 to the present time. Defendants have owned the property adjoining plaintiffs' land since 1949. During the ensuing years, defendants made it a practice to keep the ditch open, cleaning it out at least every 2 years, and on occasion, twice in the same year. The ditch is at present 6 feet wide and well within the 10-foot strip claimed by Eldorado Township.

Plaintiffs seek to enjoin defendants from maintaining the ditch and from draining surface waters into and along the ditch. The trial court found generally for defendants and dismissed the action.

Plaintiffs contend that the conveyance to Eldorado Township is ineffective because the description is not sufficiently definite. It will be noted that the starting point is definitely fixed and that the line runs thence due south 2,200 feet through the southwest quarter of Section 10. It is specified that the strip shall be 10 feet wide and shall be used as a drainage ditch. Logically, the line described was intended as the center of the ditch. "While it is true that a deed must describe land so that it can be identified, yet that is certain which by evidence aliunde can be made certain." City of Warsaw v. Swearngin (Mo.), 295 S. W. 2d 174. "If the

description in a deed identifies, or furnishes the means of identifying, the property conveyed, it performs its function, it being sufficient when from it the property can be identified." Harrison v. Everett, 135 Colo. 55, 308 P. 2d 216. Regardless of whether or not the deed is deemed to be valid, this argument is of no avail to plaintiffs. The evidence clearly shows that the 10-foot strip has been claimed by the township since 1912 and has been used for drainage-ditch purposes since that time. It is apparent that the township has either acquired title by adverse possession or, at least, an easement, but assuming that this is not true, the undisputed evidence indicates that defendants have maintained a drainage ditch through the land of plaintiffs, at the point in question, for a period in excess of 10 years and, but for the public interest, have acquired an easement in their own right. See § 25-202, R. R. S. 1943.

Under such circumstances, plaintiffs' petition must fail. This action, although sounding in injunction, is essentially an action in trespass. "In order to maintain trespass to land the plaintiff must be the owner, or in possession thereof, when the acts complained of were committed." Nelson v. Jenkins, 42 Neb. 133, 60 N. W. 311. See, also, Chicago, R. I. & P. Ry. Co. v. Shepherd, 39 Neb. 523, 58 N. W. 189. The burden of proof is upon the plaintiff to prove ownership or possession. See 87 C. J. S., Trespass, § 86 b, p. 1039.

Plaintiffs have failed to maintain their burden of proof and the judgment of the district court must be affirmed.

AFFIRMED.