G. ROBERT MUCHEMORE, APPELLEE, v. PHILIP E. HEFLIN ET AL., APPELLANTS.

188 N. W. 2d 713

Filed July 9, 1971. No. 37900.

Thomas P. Leary, for appellants.

Larry E. Miller, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

Plaintiff filed suit for a permanent injunction to require the defendants to dismantle an artificial drain extending from a downspout on defendants' home to a point near the boundary between the two properties. The district court granted the injunction, ordered the removal of the drain, and restoration of the premises to their original condition. We reverse the judgment of the district court.

The residences of the plaintiff and the defendants are located adjacent to each other in a developed area north of Omaha, Nebraska. The defendants' lot is north and west of the plaintiff's lot, and the drainage in the area is from the northwest to the southeast. Approximately 43,000 square feet from three different residential lots, including the defendants, drain naturally onto the plaintiff's lot. The boundary line between those lots and that of the plaintiff ran generally north and south.

On the northeast corner of the defendants' residence, there was a gutter and downspout which carried the run-off from approximately 900 square feet of defendants' roof. In October 1969, the defendants installed a half-tile drain or trough 3 inches deep, and 34 feet long. It was covered with metal strips containing multiple holes, and baffles were installed every 4 feet. The drain ran from the bottom of the downspout to the base of a large tree which grew on the boundary between

plaintiff and defendants. A rock wall extended along the boundary line, running 17 feet south of the tree, and 13½ feet north of the tree. The undisputed testimony was that whatever water reached the end of the drain went both north and south and percolated along the length of the wall.

There is no evidence that any measureable amount of water from the drain ever reached the plaintiff's land. It is undisputed that there had been no damage of any kind from the time the drain was installed until the time of trial, which was almost a year. There was no testimony whatever that the drain installed by the defendants was negligently constructed. There was no qualified testimony that the drain would either increase or decrease the flow or amount of water from the defendants' property to the plaintiff's property. Neither was there any evidence from any qualified witness that the drain would in any reasonable probability cause damage in the future. The plaintiff's evidence may be summarized as reflecting a fear that he might sustain some possible future damage under unusual circumstances. There were no witnesses except the parties themselves, and they were not engineers or drainage experts.

The crucial fact here is that no damage of any kind has occurred, and the evidence is completely speculative as to the cause, as well as the nature and extent, of any possible future damage. It is fundamental that an injunction will not lie if the right thereto is unclear or the damage complained of is nonexistent. State v. Merritt Brothers Sand & Gravel Co., 180 Neb. 660, 144 N. W. 2d 180.

A court of equity will not grant injunctive relief unless it be shown that an injury has been or will be suffered by the party seeking such relief. Muff v. Mahloch Farms Co., Inc., 184 Neb. 286, 167 N. W. 2d 73.

An injunction will not be granted unless the right is clear, the damage irreparable, and the remedy at law

inadequate to prevent a failure of justice. City of Omaha v. Rubin, 177 Neb. 314, 128 N. W. 2d 814.

The record here establishes that the plaintiff has no right to injunctive relief. The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

SMITH, J., not participating.