HELEN C. CZARNICK, INDIVIDUALLY, AND HELEN C. CZAR-
NICK, ADMINISTRATRIX OF THE ESTATE OF LOUIS CZARNICK,
DECEASED, APPELLANT, V. LOUP RIVER PUBLIC POWER
DISTRICT ET AL., APPELLEES.

209 N. W. 2d 595

Filed July 20, 1973. No. 38844.

Robek & Geshell, for appellant.

John A. Wagoner, Thomas A. Wagoner, Deutsch & Hagen, Thomas H. DeLay, Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., John P. Regan, and Dale Babcock, Jr., for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an action for money damages caused by flooding which resulted from a diversion of the Loup River from its natural course. The plaintiff also seeks injunctive relief against the State of Nebraska. From a judgment of dismissal in favor of both defendants on the pleadings, the plaintiff appeals. We affirm in part and reverse and remand in part.

The plaintiff owns certain farm land in Nance County located south of the Loup River. In August of 1966 and

again in March of 1969, flooding occurred on the north. and northwest portions of this land which caused erosion, destroyed crops and fences, and deposited sand and gravel which required removal. The plaintiff brought suit against the defendant Loup River Public Power District on June 3, 1970, claiming that the District was negligent in constructing dikes along the bed of the Loup River thereby diverting the Loup from its natural course, which diversion the plaintiff alleges was the cause of the floodings and resultant damage to the plaintiff's land. On May 12, 1972, the plaintiff filed an amended petition joining the District and the State of Nebraska, Department of Roads, as parties defendant. Process, for the first time, was served on the defendant State of Nebraska, Department of Roads. In the amended petition, the plaintiff alleged that the defendants were negligent in "constructing and operating the * * * channel cut which diverted the normal and natural course of the Loup River." The plaintiff alleged that the defendants were negligent in failing to exercise ordinary care when they knew or should have known that the said diversion would cause the eventual flooding and erosion and damage to the plaintiff's land and crops thereon. She asks for money damages as the result of the actions of the defendants.

The District Court sustained the State of Nebraska, Department of Roads', motion to dismiss the plaintiff's action. Section 25-218, R. R. S. 1943, provides in part that: "Every claim and demand against the state shall be forever barred, unless action be brought thereon within two years after the claim arose." The statute requires no construction and we have held in Bordy v. State, 142 Neb. 714, 7 N. W. 2d 632, that a suit against the State for the taking or damaging of private property for public use must be commenced within 2 years from the time the taking or damaging of the property occurred. Here, the plaintiff stated in her amended petition that the damage to her property occurred in

August 1966 and March 1969. Her respective causes of action for money damages accrued on those dates and consequently the action against the State of Nebraska is barred under the statute. The State was not made a party until the amended petition was filed and service of process was had in May 1972. The trial court was therefore correct in holding that the statute of limitations, so far as the cause of action for money damages is concerned, had run.

We now turn to the question of whether or not the demurrer of the Loup River Public Power District was properly sustained and the action dismissed. In her amended petition, the plaintiff alleged that the defend-. ant District was negligent in failing to exercise ordinary care in constructing and operating the channel cut which diverted the course of the Loup River. However, the facts alleged against the District were that it granted the easement to the Department of Roads upon which the channel cut was executed; that it consented to the execution of said channel cut upon the easement; and that in executing and constructing the channel cut, the Department of Roads excavated high ground and land fill from a dike which had been constructed by and was located on the land owned by the District. Nowhere in the petition is it stated that the District actively took part in the construction or operation of the channel cut which caused the flooding. The plaintiff contends, citing authorities including Restatement, Torts 2d, § 364, p. 259, that the District, as possessor of the land, is liable for the negligent acts of the Department of Roads committed in constructing the channel cut upon the land. However, it is clear from the petition and the exhibits attached thereto, that the District was not in possession of the land upon which the channel cut took place. The easement agreement between the District and the Department of Roads, which is attached to the amended petition and made a part thereof, specifically states that the Department of Roads was given posses-

sion of the land for the purposes of constructing the channel cut. Nor does the plaintiff allege nor contend that the *excavation* performed upon the District's land in any way contributed to the flooding of the plaintiff's land. The District was not shown, in the pleadings, to be in possession or control of any of the land upon which the negligent *channel diversion* took place. The gist of the plaintiff's cause of action against the District is, therefore, simply that it granted the easement to the Department of Roads, but the plaintiff fails to state how or why the District was negligent in so granting the easement or even that the granting of the easement was in fact a negligent act on the part of the District. It therefore follows that the District Court properly sustained the demurrer of the District to the amended petition for failure to state a claim upon which relief could be granted.

However, a much more serious question remains as to the District Court's ruling upon the plaintiff's prayer for injunctive relief against the State to prevent future damage resulting from the alleged channel diversion. It is fundamental that an injunction will not be granted unless the right is clear, the damage irreparable, and the remedy at law inadequate to prevent a failure of justice. Muchemore v. Heflin, 187 Neb. 217, 188 N. W. 2d 713. The plaintiff alleged that the channel cut altered the flow of the Loup River in such a manner that it causes and *will continue* to cause annual flooding of the plaintiff's land. The plaintiff alleged that the defendants intend to continue to operate the said channel cut; that this will irreparably damage her land; that this will result in interminable litigation; and that her remedy at law, therefore, is inadequate. She requested a mandatory injunction ordering the defendants to cease operation of the channel cut or in the alternative requiring that a dike be constructed to protect her land from flooding.

We hold that the plaintiff has alleged in her amended

petition sufficient facts in support of her request for an injunction and equitable relief, to withstand the motion to dismiss by the Department of Roads. While it is true that her action for damages because of the past acts of the Department of Roads is barred by the statute, she has alleged sufficient acts in her amended petition to require the court to hear her request for equitable relief on the merits. It is clear that she still may maintain her petition for injunctive relief to prevent damage to her land by future flooding. She alleged that the flooding occurs annually and that if an injunction is not granted, she would be required to bring an action each time flooding causes damage to her property. Almost exactly in point is Armbruster v. Stanton-Pilger Drainage Dist., 169 Neb. 594, 100 N. W. 2d 781. This court upheld the granting of an injunction upon proof of facts very similar to those alleged in the plaintiff's amended petition. That case involved damage to land from erosion caused by the defendant's construction of a ditch along the Elkhorn River for channel diversion purposes. The court stated: "Acts which destroy or result in a serious change of property either physically or in the character in which it has been held or enjoyed have been held to do an irreparable injury." And further this court said: "* * * where an injury wrongfully committed by one against another is continuous or is being constantly repeated so that complainant's remedy at law requires the bringing of successive actions, that remedy is inadequate and the injury will be prevented by injunction." The only answer that the State of Nebraska, Department of Roads, makes to this contention of the plaintiff is a general assertion that the granting or withholding of an injunction is within the sound discretion of the trial court. This rule is inapplicable here on demurrer, because the plaintiff has alleged facts which, if proved on trial, require the court to exercise, on the evidence presented, its reviewable discretion.

The State contends that the plaintiff is entitled to no injunctive relief because all actions against the State must be brought under the Nebraska Tort Claims Act. §§ 81-8,209 to 81-8,239, R. R. S. 1943. The Tort Claims Act by its terms applies *only* to claims "against the State of Nebraska for money only * * *." § 81-8,210 (4), R. R. S. 1943. There is no merit to this contention.

The demurrer of the Loup River Public Power District was properly sustained and the action dismissed. The action for money damages against the State for the 1966 and 1969 floodings was properly dismissed. The determination of the District Court dismissing the action insofar as it pertains to injunctive relief against future flooding and damage is reversed and the cause remanded for a trial on that issue.

AFFIRMED IN PART, AND IN PART<br>REVERSED AND REMANDED.

McCOWN, J., dissenting in part.

I concur in the affirmance of the dismissal of plaintiff's claims for damages and dissent from that portion of the judgment which remands the cause for hearing insofar as it pertains to injunctive relief against future flooding.

If the plaintiff has no enforceable claim for damages against the State for the taking or damaging of her lands, she has no right to injunctive relief. The majority opinion relies upon Bordy v. State, 142 Neb. 714, 7 N. W. 2d 632, to support the dismissal of plaintiff's causes of action for damages accruing from the floods of 1966 and 1969. Bordy holds that a suit against the State based on Article I, section 21, of the Constitution (prohibiting the taking or damaging of property for public use without just compensation), is barred by the 2-year statute of limitations of section 25-218, R. R. S. 1943. The Bordy case has never been overruled. Many other cases make it clear that passive acquiescence by an individual in the appropriation of his property, if continued for the statutory period of limitations, constitutes

a waiver of his rights under Article I, section 21, of the Constitution. See, Kime v. Cass County, on rehearing, 71 Neb. 680, 101 N. W. 2; Bridge v. City of Lincoln, 138 Neb. 461, 293 N. W. 375; Armbruster v. Stanton-Pilger Drainage Dist., 169 Neb. 594, 100 N. W. 2d 781.

The only real question here is: What is the applicable statute of limitations? If the 2-year limitation of section 25-218, R. R. S. 1943, does not apply, then the 10-year limitation of section 25-202, R. R. S. 1943, must apply. The latter section provides: "An action for the recovery of the title or possession of lands, tenements or hereditaments * * * can only be brought within ten years after the cause of action shall have accrued * * *." The pleadings here show that all the construction and diking done by the State and now sought to be enjoined was completed in 1952 and 1953, and has been maintained since that time. Plaintiff's pleadings allege and the majority opinion states that, "the channel cut altered the flow of the Loup River in such a manner that it causes and will continue to cause *annual flooding* of the plaintiff's land." (Emphasis ours.) If this be true, plaintiff's cause of action for injunctive relief arose not later than 1954.

It should also be obvious that the State as well as other public bodies can acquire easement rights by prescription. See, Pierce v. Rabe, 177 Neb. 745, 131 N. W. 2d 183; State ex rel. Game, Forestation & Parks Commission v. Hull, 168 Neb. 805, 97 N. W. 2d 535; Dawson County Irrigation Co. v. Stuart, 142 Neb. 428, 6 N. W. 2d 602; Franz v. Nelson, 183 Neb. 137, 158 N. W. 2d 606; Hall v. City of Friend, 134 Neb. 652, 279 N. W. 346.

The State's motion to dismiss specifically alleges that the statute of limitations has passed as to any and all the various causes of action mentioned in plaintiff's petition. It also alleges that the facts pleaded in the petition affirmatively show that the plaintiff is not entitled to the relief prayed for and that the plaintiff does not have the legal capacity to maintain the subject action.

The trial court's determination and judgment was proper and should have been affirmed in all respects.

BOSLAUGH, J., dissenting in part.

I concur in Judge McCown's opinion that the judgment of the District Court should have been affirmed in all respects.